T.C. Memo. 2005-7

UNITED STATES TAX COURT

JOHN F. DALTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16780-03L.                    Filed January 24, 2005.

John F. Dalton, pro se.

<u>A. Gary Begun</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This matter is before the Court on

respondent's Motion for Summary Judgment, filed pursuant to Rule

121(a).[1]  Respondent contends that there is no dispute as to any

_____

[1]All section references are to the Internal Revenue Code in
effect for the years in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, as amended, unless
otherwise indicated.

material fact with respect to this collection review matter and that respondent's Notice of Determination Concerning Collection Actions, upon which this case is based, should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact in this case and a decision may be rendered

as a matter of law. Accordingly, we shall grant respondent's Motion for Summary Judgment.

Background

Petitioner submitted to respondent Federal income tax returns for 1998 and 1999 in which he entered zeros on all lines requesting information regarding his income. Petitioner attached to his tax return for 1998 a Form W-2, Wage and Tax Statement, in which Smith Security Corp. reported that it paid petitioner wages of $8,901.12 during 1998. Petitioner also attached to his tax return for 1998 a two-page statement raising frivolous and groundless challenges to the Federal income tax.

Respondent issued separate notices of deficiency to petitioner for the taxable years 1998 and 1999 on February 16, 2001 (deficiency notices). In the notice for 1998, respondent determined a deficiency in income tax of $433 and an addition to tax of $108.25 under section 6651(a)(1) for failure to file timely. The deficiency for 1998 was based on respondent's determination that petitioner failed to report $8,901 of wages received from Smith Security Corp., $925 of a taxable distribution received from Textron, Inc., and $18 of interest received from NBD Bank. In the notice for 1999, respondent determined a deficiency in income tax of $2,254 and an addition to tax of $563.50 under section 6651(a)(1). The deficiency for 1999 was based on respondent's determination that petitioner

failed to report $9,587 of wages received from American Protective, $4,523 of wages received from Smith Security Corp., $6,191 of a taxable distribution from John Hancock, $925 of a taxable distribution received from BT Svcs. Tenn., $18 of interest received from NBD Bank, and $843 of Social Security payments.

By separate letters to respondent dated February 20, 2001, petitioner acknowledged receiving the deficiency notices and questioned respondent's authority to issue these notices. Petitioner did not file a petition for redetermination with the Court contesting the deficiency notices, however.

Respondent mailed to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing Under Section 6330 (final notice) on July 12, 2002, with regard to petitioner's unpaid Federal income taxes for 1998 and 1999. A schedule attached to the final notice stated that petitioner owed an assessed balance of $717.45 plus statutory additions of $69.95 for 1998 and an assessed balance of $3,402.77 for 1999.

Petitioner timely filed with respondent a Request for a Collection Due Process Hearing, which included frivolous allegations that the proposed levy should be barred for several reasons. First, petitioner alleged that respondent purportedly failed to issue to petitioner "valid" notices of deficiency because the Internal Revenue Service (IRS) does not have the

authority to assess tax.  Petitioner also alleged that respondent purportedly failed to enter valid assessments or produce a "Summary Record of Assessment".  In addition, petitioner alleged that respondent failed to issue to petitioner a "statutory" notice and demand for payment of the taxes in question.

Petitioner attended an administrative hearing conducted by Appeals Officer Kathleen Clark (Officer Clark) on March 18, 2003.  During the hearing, Officer Clark provided petitioner with copies of Forms 4340, Certificate of Assessment, Payments, and Other Specified Matters, regarding petitioner's accounts for 1998 and 1999.  The Forms 4340 showed that respondent had timely assessed the taxes and additions to tax determined in the deficiency notices for 1998 and 1999, and statutory interest and penalties for failure to pay the taxes due.  In addition, the Forms 4340 established that respondent had issued to petitioner a notice and demand for payment of the assessed amounts for 1998 and 1999.  Both of the Forms 4340 included orthographic or numerical errors, however, that had the effect of multiplying by one hundredfold the total amounts due from petitioner for 1998 and 1999.  Specifically, although the line item entries in Forms 4340 included assessments that matched the total amounts listed as due in the schedule attached to the final notice, the Forms 4340 erroneously stated that petitioner owed $71,745.45 and $340,277.77 for 1998 and 1999, respectively.

Respondent mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (determination notice) dated August 28, 2003. The determination notice recited that petitioner did not raise any issue of merit during the administrative proceeding and the Appeals Office determined that it was appropriate to proceed with the proposed levy for 1998 and 1999.

Petitioner timely filed with the Court a Petition for Lien or Levy Action.[2] In addition to challenging the determination notice pertaining to the proposed levy for 1998 and 1999, the petition included a challenge to the notice pertaining to the collection of civil penalties imposed under section 6703 (frivolous return penalties) for 1997 and 1998.[3]

Upon respondent's notifying the Court that the Forms 4340 upon which the determination notice was issued contained errors, we granted respondent's motion to remand the case to respondent's Appeals Office for further consideration. In particular, respondent suggested that a remand would allow the Appeals Office

[2]The petition was timely mailed to the Court on Sept. 25, 2003. At the time that the petition was filed, petitioner resided in Taylor, Michigan.

[3]Petitioner attempted to invoke the Court's jurisdiction with regard to a notice of determination pertaining to frivolous return penalties even though the notice expressly stated that any challenge to such notice should be filed in Federal District Court. By Order dated Dec. 10, 2003, the Court granted respondent's motion to dismiss for lack of jurisdiction and to strike as to the frivolous return penalties for 1997 and 1998.

to evaluate and correct the errors in the Forms 4340 that were provided to petitioner during the administrative hearing and provide petitioner a further opportunity to offer collection alternatives.

During the remand, petitioner's case was reassigned (at petitioner's request) from Officer Clark to Appeals Officer Linda Kramer (Officer Kramer). On October 12, 2004, Officer Kramer met with petitioner for the purpose of conducting an administrative hearing. The hearing was terminated, however, when petitioner informed Officer Kramer that he desired to obtain legal counsel. In a letter to Officer Kramer dated October 22, 2004, petitioner stated that he was relying on section 7521(b)(2) and Keene v. Commissioner, 121 T.C. 8 (2003), to argue that the Appeals Office was obliged to terminate his administrative hearing when petitioner stated that he wished to consult with an attorney.

The Appeals Office issued to petitioner a supplemental determination notice on November 17, 2004. In the supplemental notice, the Appeals Office concluded that it was appropriate to proceed with the proposed levy for 1998 and 1999.

Respondent filed with the Court a status report on November 23, 2004, describing the various actions that were taken while the matter was on remand. Respondent filed a Motion for Summary Judgment on November 24, 2004. Respondent's motion included as exhibits Forms 4340 for 1998 and 1999, dated September 20, 2004.

The Forms 4340 show that respondent assessed (and petitioner failed to pay) taxes, additions to tax, penalties, and statutory interest for 1998 and 1999 in amounts that match those set forth in the deficiency notices and in the final notice.

The Court directed petitioner to file an objection to respondent's Motion for Summary Judgment by Order dated December 3, 2004. The Court also directed petitioner by Order dated December 7, 2004, to file a report with the Court describing his efforts to retain counsel in this case. Petitioner failed to respond to either of these Orders.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an administrative hearing with the Office

of Appeals) and, if dissatisfied, with judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c)(1) imposes an obligation on the Appeals Office to obtain verification that the requirements of any applicable law or administrative procedure have been met in each case.  Section 6330(c)(2) prescribes the matters that a person may raise during the administrative process.  In sum, section 6330(c)(2) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.

The record reflects that petitioner received the deficiency notices for 1998 and 1999 yet petitioner consciously decided not to file a petition for redetermination with the Court. Consistent with section 6330(c)(2)(B), petitioner is barred from challenging the existence or amount of his underlying tax

liabilities for 1998 and 1999 in this collection review proceeding.  See Goza v. Commissioner, supra.  In conjunction with this point, we note that petitioner's assertion that he did not receive "valid" notices of deficiency is frivolous and groundless.  See, e.g., Nestor v. Commissioner, 118 T.C. 162, 166 (2002).  As the Appeals Court for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

The record demonstrates that the Appeals Office properly verified that all applicable laws and administrative procedures were followed in this matter.  It is well settled that section 6330(c)(1) does not require the Appeals Office to rely on a particular form to satisfy the verification requirement, nor does it require the Appeals Office to provide a taxpayer with a copy of such verification.  Roberts v. Commissioner, 118 T.C. 365 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, supra at 166.  We have found that the Appeals Office may verify an assessment by means of a transcript of account such as the Forms 4340 attached to respondent's motion. Davis v. Commissioner, supra (Form 4340 is presumptive evidence that an assessment was made against the taxpayer).

The Forms 4340 attached to respondent's Motion for Summary Judgment contain all the information necessary to record an assessment including identification of the taxpayer, the character of the liability assessed, the taxable period, and the amount of the assessment. See sec. 301.6203-1, Proced. & Admin. Regs. Thus, the Appeals Office properly verified for purposes of section 6330(c)(1) that all applicable laws and administrative procedures have been met in this matter.[4]

As noted earlier, petitioner failed to respond to the Court's Orders that directed him to file an objection to respondent's motion, and a report describing his efforts to retain counsel in this case. Considering all the circumstances, including the "zero" returns that petitioner submitted to respondent for the years in issue, the protest statement that petitioner attached to his return for 1998, and the frivolous and groundless arguments that petitioner raised in his request for an administrative hearing, we are persuaded that petitioner's sudden desire to retain counsel while this matter was on remand amounted to nothing more than a ploy to further delay collection of his tax liabilities for 1998 and 1999. In any event, based on

_____

[4]We conclude that any confusion arising from the typographical errors in the Forms 4340 that were provided to petitioner during his initial administrative hearing was obviated by the corrected Forms 4340 attached to respondent's Motion for Summary Judgment.

petitioner's failure to respond to the Court's Orders, we conclude that petitioner has abandoned the issue.

Petitioner failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  Rule 331(b)(4).  From the entire record in this case, we conclude that the Appeals Office did not abuse its discretion in determining that it was appropriate to proceed with collection of petitioner's tax liabilities for 1998 and 1999.

As a final matter, we mention section 6673(a)(1), which authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such penalties in collection review cases.  <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000). Although we do not impose a penalty on petitioner pursuant to section 6673(a)(1) at this time, we admonish petitioner that the Court will consider imposing such a penalty should he return to the Court in the future and advance arguments similar to those that we have identified as frivolous.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.