T.C. Memo. 2009-108

UNITED STATES TAX COURT


NOEL NELSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13212-05L.                    Filed May 20, 2009.


Noel Nelson, pro se.

<u>Bradley C. Plovan</u>, for respondent.



MEMORANDUM OPINION


GOEKE, <u>Judge</u>:  This case is before the Court for review of a lien action with respect to petitioner's unpaid tax liabilities for 1996 and 2000.  The issue for decision is whether the settlement officer abused his discretion in sustaining the lien.  We hold that the settlement officer did not abuse his discretion.

## Background

Some of the facts have been stipulated. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner resided in Maryland at the time of filing his petition.

Petitioner did not file income tax returns for 1996 and 2000. Respondent prepared substitutes for returns for petitioner for both years pursuant to section 6020(b).[1] Respondent mailed notices of deficiency for 1996 and 2000 to petitioner's last known address, which has been petitioner's address since at least 1995. Petitioner denies receiving the notices. A copy of the 2000 deficiency notice sent by certified mail was returned to respondent because petitioner did not claim it timely. Petitioner did not petition this Court in response to the notices, and respondent assessed the income tax deficiencies for 1996 and 2000. Thereafter respondent issued to petitioner notices of intent to levy for 1996 and 2000. Petitioner did not request a collection due process hearing (CDP hearing) in response to either levy notice. Respondent began to levy upon petitioner's monthly Social Security benefits.

On December 17, 2004, respondent issued to petitioner a notice of Federal tax lien for 1996 and 2000. Petitioner timely

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code.

requested a CDP hearing. The Appeals Office gave petitioner approximately 2 weeks to submit Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals (collection information statement). Petitioner requested additional time. In a letter dated April 11, 2005, the settlement officer assigned to petitioner's case again requested a collection information statement, advised petitioner that he had to file all delinquent tax returns before the Appeals Office could consider an offer-in-compromise, and specifically pointed out that petitioner had not filed returns for 1997, 1999, 2002, 2003, and 2004. The settlement officer also set a date for a telephone conference. Petitioner requested a face-to-face hearing. The settlement officer responded that petitioner would have a face-to-face hearing if he provided the requested collection information statement before the scheduled date for the telephone conference. Petitioner responded by reiterating his request for a face-to-face hearing and sought additional time to provide the requested collection information statement.

On the scheduled date for the telephone conference, the settlement officer called petitioner's representative and left a message that he was closing the case because petitioner had not provided the collection information statement and had not responded to the scheduled telephone conference. Throughout this time petitioner's representative was hospitalized following an

accident that left him a quadriplegic.  On June 17, 2005, respondent issued a notice of determination sustaining the filing of a tax lien for 1996 and 2000.  Petitioner timely filed a petition with this Court seeking review.  Upon respondent's motion, the Court remanded the case to the Appeals Office for a face-to-face hearing.

In a letter dated November 21, 2005, the settlement officer again requested petitioner to provide a collection information statement, advised petitioner that he had to file all delinquent tax returns before the Appeals Office could consider an offer-in-compromise, and specifically identified the years for which petitioner had not filed returns.  During a hearing on January 18, 2006, petitioner requested an offer-in-compromise based on both doubt as to collectibility and doubt as to liability.  Petitioner also stated that he had not received the notices of deficiency for 1996 and 2000.  The settlement officer stated that the notices were mailed to petitioner's last known address, which is petitioner's current address and has been his address since 1995.  The settlement officer explained that petitioner had to file all delinquent tax returns to qualify for an offer-in-compromise.  The settlement officer informed petitioner that he could pursue an offer-in-compromise with respondent's Compliance Division once he had filed his delinquent returns and provided a collection information statement.  On February 10, 2006,

respondent issued a supplemental notice of determination sustaining the lien for 1996 and 2000.

Discussion

Section 6321 imposes a lien on all property and property rights of a taxpayer liable for taxes where a demand for the payment of the taxes has been made and the taxpayer has failed to pay. Upon request the taxpayer is entitled to an administrative hearing before an impartial officer or employee of the Appeals Office. Sec. 6320(b). At the hearing a taxpayer may raise any relevant issue regarding the collection action including possible collection alternatives such as an offer-in-compromise. Sec. 6330(c)(2)(A). The taxpayer may also contest the existence or amount of the underlying tax liability if the taxpayer did not receive a notice of deficiency for the tax liability or otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following the hearing, the Appeals officer must determine whether the collection action should proceed. The Appeals officer must consider: (1) Whether the requirements of applicable law and administrative procedure have been met, (2) any issues the taxpayer raised, and (3) whether the collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

Where the validity of the underlying tax liability is properly at issue, the Court reviews the tax liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not properly at issue, we review determinations regarding collection actions for abuse of discretion. Id. at 182. The abuse of discretion standard requires the Court to decide whether the Appeals officer's determination was arbitrary, capricious, or without sound basis in fact or law. Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).

Petitioner's underlying tax liabilities for 1996 and 2000 are not at issue because petitioner previously had an opportunity to dispute them. The parties stipulated that respondent issued notices of deficiency for 1996 and 2000. Petitioner testified that he did not receive either notice, and the settlement officer acknowledged that the 2000 notice was returned to respondent. A taxpayer's ability to contest the underlying tax liability depends on whether the taxpayer received a notice of deficiency or otherwise had an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Petitioner had such an opportunity with respect to the 1996 and 2000 tax liabilities because respondent also sent notices of intent to levy for both years to petitioner at his last known address before issuing the lien notice at issue. Petitioner did not dispute that he received the levy

notices. Because petitioner had an opportunity to dispute the underlying tax liabilities in response to the levy notices, petitioner is precluded from raising his tax liabilities in this case. See Bell v. Commissioner, 126 T.C. 356, 358-359 (2006); sec. 301.6320-1(e)(3), Q&A-E7, Proced. & Admin. Regs. Moreover, petitioner did not present any records relating to his 1996 or 2000 taxable income at either the CDP hearing or the trial.

The settlement officer's determination to sustain the lien was reasonable in view of petitioner's repeated failure to provide the requested collection information statement and to file his delinquent returns. Petitioner did not raise any appropriate defenses to the lien or any possible collection alternatives. Although petitioner requested an offer-in-compromise at the CDP hearing, he had not prepared one. In addition, he did not provide the necessary collection information statement or file the delinquent returns. Rather, he sought additional time to prepare the collection information statement and the returns.

Petitioner stated that he did not know that he was required to file the delinquent returns to qualify for an offer-in-compromise. However, the settlement officer had previously advised petitioner in two separate letters that he had to file all delinquent returns to qualify for an offer-in-compromise and specifically identified 5 years for which petitioner had failed

to file in addition to the 2 years at issue.  At the hearing the settlement officer advised petitioner to prepare the delinquent returns and pursue an offer-in-compromise with respondent's Compliance Division.  Since the hearing petitioner has taken steps to resolve his tax liabilities, has retained a new accountant, and has started to prepare his delinquent returns.

We hold that respondent did not abuse his discretion in sustaining the lien on the basis of petitioner's failure to submit the requested collection information statement and the delinquent returns.  See Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007); Cavazos v. Commissioner, T.C. Memo. 2008-257; Gazi v. Commissioner, T.C. Memo. 2007-342; Prater v. Commissioner, T.C. Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20; Rodriquez v. Commissioner, T.C. Memo. 2003-153.

To reflect the foregoing,

Decision will be entered for respondent.