T.C. Memo. 2010-7

UNITED STATES TAX COURT

SANDRA D. LONG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12433-08L.                Filed January 11, 2010.

<u>Mark D. Allison</u>, <u>Alexander J. Saffi</u>, and <u>Brittany Harrison</u>, for petitioner.

<u>Andrew M. Stroot</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This collection review matter is before the Court in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330[1]

---

[1]All section references are to the Internal Revenue Code,
                                        (continued...)

(determination notice) as supplemented in the Supplemental Notice of Determination (supplemental determination) sustaining the Notice of Federal Tax Lien (NFTL) to collect petitioner's Federal income tax liability for 2004. The sole issue for decision is whether respondent's determination to proceed with the proposed collection activity was an abuse of discretion. We hold it was not.

## Background

This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found. The stipulation of facts, the supplemental stipulation of facts, and the accompanying exhibits are incorporated by this reference. Petitioner resided in North Carolina at the time she filed the petition.

Petitioner timely filed a Federal income tax return for 2004. Respondent thereafter examined petitioner's return and found that petitioner should have included $53,860[2] of cancellation of indebtedness income. Respondent determined a $14,254 deficiency for 2004 and issued petitioner a deficiency notice but petitioner failed to file a petition for redetermination of the deficiency. Respondent thereafter assessed the deficiency.

---

[1](...continued)
and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]All numerical amounts are rounded to the nearest dollar.

Respondent issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, notifying petitioner of her right to a collection due process (CDP) hearing with respect to her 2004 tax liability. Petitioner submitted a one-page Form 433-F, Collection Information Statement, with minimal documentation a year after receiving the notice. Respondent thereafter placed petitioner's account in "Currently Not Collectible" status. Respondent then filed the NFTL against petitioner for the unpaid liability for 2004 and mailed petitioner the notice of the lien filing in 2007. Petitioner timely requested a CDP hearing as to the lien but not as to the proposed levy.

Petitioner's CDP hearing was assigned to Settlement Officer Banks (SO Banks). SO Banks mailed several letters to petitioner and her counsel to schedule the hearing. SO Banks requested a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals,[3] and Form 656, Offer in Compromise, to support collection alternatives petitioner wanted SO Banks to consider. Neither petitioner nor her counsel provided the requested financial information or participated in the scheduled conference because SO Banks erred in addressing the envelopes.

---

[3]Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, is six pages compared to the one-page Form 433-F, Collection Information Statement, that petitioner had previously submitted.

SO Banks then issued the determination notice to petitioner, with a copy to her counsel, sustaining the filing of the NFTL.  In sustaining the lien filing, SO Banks relied solely on the information in the collection file including the limited financial information petitioner submitted with her CDP hearing request.

Petitioner then filed a petition with the Court requesting review of the determination notice.  Petitioner and respondent filed a joint motion to remand this case to Appeals for further consideration.  The Court granted their joint motion for a supplemental hearing with Appeals and ordered a supplemental determination be made.

SO Banks again asked petitioner and her counsel to provide updated financial information and an offer in compromise (OIC) if petitioner wanted her to consider any collection alternatives at the supplemental hearing.  SO Banks specifically requested that petitioner submit financial information to support the issues petitioner raised in her CDP hearing request.  SO Banks also requested that petitioner submit a completed tax return for 2007 before the supplemental hearing.

Neither petitioner nor her counsel submitted any information or documents to SO Banks before the supplemental hearing.  During the scheduled supplemental hearing, which took place by telephone, petitioner's counsel advised SO Banks that petitioner

was unable to pay the deficiency and wanted to submit an OIC.  No OIC was provided by either petitioner or her counsel nor was any other financial information provided even though SO Banks repeatedly requested the information before she made the supplemental determination.  SO Banks had only the limited financial information petitioner submitted in 2007.  SO Banks determined that the limited financial information was outdated, incomplete, and insufficient to show that petitioner was entitled to a collection alternative regarding the unpaid tax liability for 2004.  Lacking any updated information from petitioner, SO Banks prepared the supplemental determination, again sustaining the filing of the NFTL.

## Discussion

We now review whether respondent abused his discretion in deciding to sustain the lien filing.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue,[4] the Court will review respondent's determination for abuse of discretion.  See Sego v. Commissioner, supra at 610.  Petitioner may prove abuse of discretion by showing that respondent

_____

[4]A taxpayer's underlying tax liability may be at issue only if the taxpayer did not receive a deficiency notice for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); Dalton v. Commissioner, T.C. Memo. 2005-7.

exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law.  See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

It is well established that the settlement officer must address any relevant issues the taxpayer raises in the hearing request, including spousal defenses, the appropriateness of the collection action, and any collection alternatives.  Sec. 6330(c)(2).  A taxpayer may raise collection alternatives in a CDP hearing that may include an installment agreement or an OIC.  Secs. 6320(c), 6330(c)(2)(A)(iii).  An OIC is authorized under section 7122(a).  Taxpayers who wish to propose an OIC must submit a Form 656.  See Godwin v. Commissioner, T.C. Memo. 2003-289, affd. 132 Fed. Appx. 785 (11th Cir. 2005).  Petitioner argues that SO Banks abused her discretion by not considering the collection alternative of an OIC.

SO Banks requested that petitioner submit any information regarding alternative collection procedures before the supplemental hearing.  Petitioner failed to submit a Form 656 or any updated or other financial information to enable SO Banks to consider collection alternatives.  We have repeatedly and consistently held that a settlement officer may sustain a collection action where a taxpayer has failed to provide requested information that would have permitted consideration of collection alternatives.  See Huntress v. Commissioner, T.C.

Memo. 2009-161; <u>Nelson v. Commissioner</u>, T.C. Memo. 2009-108; <u>Sapp v. Commissioner</u>, T.C. Memo. 2006-104; <u>Picchiottino v. Commissioner</u>, T.C. Memo. 2004-231; <u>Newstat v. Commissioner</u>, T.C. Memo. 2004-208.  We have similarly held that the Commissioner has not abused his discretion for failing to consider an OIC where a taxpayer failed to submit an offer to the Appeals officer. <u>Kendricks v. Commissioner</u>, 124 T.C. 69, 79 (2005).  SO Banks informed petitioner and her counsel that petitioner needed to submit a completed OIC request if she wanted an OIC to be considered at the supplemental hearing.  Petitioner failed to submit the appropriate Form 656 or updated financial information.

This Court has held that there is no abuse of discretion in Appeals' failing to consider an offer when there was no offer before Appeals.  <u>Id.</u>  SO Banks had no OIC to consider.  Thus, there was no abuse of discretion by the Appeals Office in failing to consider an OIC.  See <u>Nelson v. Commissioner</u>, <u>supra</u> (holding that the Appeals Office did not abuse its discretion in sustaining a lien when a taxpayer expressed a desire for an OIC but had not prepared one).

Petitioner also claims that, notwithstanding her failure to submit an OIC or requested financial information for her supplemental hearing in 2009, SO Banks should have considered the financial information she submitted in 2007.  We disagree.  SO Banks committed no abuse of discretion in discounting outdated

financial information.  See Internal Revenue Manual (IRM) pt. 5.8.5.3.2 (Sept. 23, 2008) (an Appeals officer reviewing collection alternatives should not consider any financial information more than 12 months old); IRM pt. 5.8.5.2.2 (Sept. 1, 2005); see also Lloyd v. Commissioner, T.C. Memo. 2008-15.  A taxpayer's financial situation may change materially within a 1-year period, so it is reasonable for the settlement officer to request new financial information to determine a taxpayer's eligibility for collection alternatives.  See Lloyd v. Commissioner, supra.  Here we note that SO Banks did review the outdated financial information from 2007.  She reviewed it when she made her supplemental determination that the financial information was incomplete and insufficient to qualify petitioner for a collection alternative regarding the unpaid tax liability for 2004.

Petitioner also argues that SO Banks failed to give her adequate time to produce the requisite financial information and it was SO Banks' misaddressing the envelopes that caused the originally scheduled CDP hearing to be continually rescheduled. Again, we disagree that the supplemental determination was an abuse of discretion.  Any infirmity with the incorrect address was rectified when the Court remanded the case for a supplemental hearing.  Petitioner had additional time to submit updated financial information and an OIC.  Despite this additional time,

petitioner failed to submit the requested financial information. Moreover, we note that neither petitioner nor her counsel contacted the Court or SO Banks to request additional time before the supplemental hearing.

We have reviewed the entire record and find that SO Banks did not abuse her discretion in sustaining the lien filing. We therefore conclude that the collection action may proceed as described in the supplemental determination regarding petitioner's unpaid tax liability for 2004.

We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.