T.C. Memo. 2010-213

UNITED STATES TAX COURT

JOHN K. TAYLOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18466-09L.                    Filed September 30, 2010.

John K. Taylor, pro se.

<u>Aely K. Ullrich</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This matter is before the Court on
respondent's motion for partial summary judgment filed pursuant
to Rule 121(a).[1]  Respondent contends there is no dispute as to

---

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code, unless otherwise indicated.

any material fact with respect to this collection review matter and that respondent's Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (determination notices) pertaining to trust fund recovery penalties (TFRPs) assessed against petitioner for the taxable periods ending December 2004, March 2005, June 2005, September 2005, December 2005 and June 2006 (periods at issue) should be sustained.  We shall grant respondent's motion for partial summary judgment, and, because we dismissed or the parties have conceded all other issues, we shall enter a decision for respondent.[2]

## Background

We recite uncontested facts reflected in the petition, respondent's motion for partial summary judgment and in the exhibits attached to these documents.  Petitioner resided in Woodland Hills, California at the time he filed the petition.

Petitioner was the secretary, treasurer, chief executive officer and chief financial officer of Lynnco Enterprises, Inc. (Lynnco), a design services and employee leasing business. Petitioner also was a 50-percent owner, chief executive officer, vice president, secretary, treasurer and chief financial officer

---

[2]Respondent filed a motion to dismiss on grounds of mootness for the taxable period ending December 2006.  We granted that motion and do not consider that taxable period in this opinion.

of Wizard Art Glass, Inc. (Wizard), a business that made glass shields and metal rails used in restaurants.

The Internal Revenue Service (IRS) determined that Lynnco failed to pay $38,684[3] in employment taxes for the taxable period ending December 2004 and Wizard failed to pay $106,503 in employment taxes for the taxable periods ending December 2004, March 2005, June 2005, September 2005, December 2005, March 2006 and June 2006.  The IRS found petitioner liable as a responsible person for Wizard's and Lynnco's employment taxes and issued two Letters 1153, Trust Funds Recovery Penalty Letters (TFRP Letters), proposing to assess TFRPs against petitioner. Petitioner timely filed written appeals in response to the TFRP Letters.  Respondent's Appeals Office made final administrative determinations upholding the proposed TFRP assessments.[4] Respondent thereafter made assessments against petitioner for the periods at issue.

Respondent issued petitioner separate Final Notice of Intent to Levy and Notice of Your Right to a Hearing letters (levy notices) for the TFRPs attributable to Lynnco's and Wizard's employment tax liabilities.  Petitioner timely requested collection due process (CDP) hearings regarding both levy

---

[3]All monetary amounts are rounded to the nearest dollar.

[4]The Appeals Office considered the TFRPs relating to Wizard and Lynnco in separate hearings.

notices.  Petitioner argued that the assessed amount in the levy notice for Lynnco was inaccurate, but he did not challenge the amount in the levy notice for Wizard.  Petitioner asked in both CDP hearing requests that the Appeals Office consider an installment agreement as a collection alternative.

Settlement Officer Sharon Lavenberg (SO Lavenberg) was assigned both CDP hearings.  SO Lavenberg mailed petitioner a letter scheduling a telephone conference for both hearings and stating that petitioner should contact her within two weeks if he preferred a face-to-face conference.  SO Lavenberg also asked that petitioner submit complete financial information (both individually and on behalf of his business)[5] and provide copies of signed Federal income tax returns for 2006, 2007 and 2008 if he wanted SO Lavenberg to consider an installment agreement or any other collection alternatives.

Petitioner called SO Lavenberg the day before the scheduled telephone conference to notify her that he had a family emergency and needed to reschedule the conference.  SO Lavenberg obliged yet reminded petitioner that he needed to submit the requested financial information and tax returns to have collection

_____

[5]Individuals report financial information on a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and businesses report financial information on a Form 433-B, Collection Information Statement for Businesses.

alternatives considered.  Thereafter petitioner failed to answer the telephone for the rescheduled conference with SO Lavenberg.

Petitioner never presented any argument to contest the underlying liability for Lynnco.  Moreover, he failed to provide the necessary information for SO Lavenberg to consider an installment agreement or any other collection alternative.  SO Lavenberg sent petitioner a "last chance" letter and gave him two weeks to respond.  Petitioner did not respond until one day before the "last chance" letter deadline.  Petitioner faxed SO Lavenberg a letter asking for a 3-week extension to provide the requested documentation.  SO Lavenberg denied petitioner an extension because he had neglected to provide any financial information whether complete or not and had submitted no tax returns to SO Lavenberg despite several requests to do so.  SO Lavenberg reviewed the material in petitioner's file and the arguments petitioner presented and determined to sustain the proposed levy for both Lynnco and Wizard.  SO Lavenberg sent petitioner separate determination notices sustaining respondent's collection action with respect to the TFRPs.

Petitioner timely filed a petition with this Court seeking relief from respondent's determination notices.  Petitioner does not challenge the underlying liability.  He contends, however, that he should have been afforded an installment agreement or an offer in compromise to settle the debts.  Respondent moved for

partial summary judgment on the ground that SO Lavenberg did not abuse her discretion by failing to consider collection alternatives. Petitioner failed to file a response or objection to respondent's motion.

## Discussion

We are asked to decide whether summary judgment is appropriate. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See, e.g., FPL Group, Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001). A motion for partial summary judgment will be granted if the pleadings, answers to interrogatories, depositions, admissions and other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. See Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002). The moving party has the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. See, e.g., Rauenhorst v. Commissioner, 119 T.C. 157, 162 (2002). We grant summary judgment cautiously and sparingly and only after carefully ascertaining that the moving party has met all requirements for summary adjudication. See Associated Press v. United States, 326 U.S. 1, 6 (1945).

Petitioner does not contest the underlying liabilities for the TFRPs assessed against him for the periods at issue. Nor does he challenge the validity of the levy notices respondent filed for those taxable periods. Rather, petitioner disputes only respondent's decision not to consider a collection alternative. Thus, the Court reviews respondent's determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000). In doing so, we must decide whether respondent exercised his discretion arbitrarily, capriciously or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner asserts in the petition that SO Lavenberg should have provided him with either an installment agreement or an offer in compromise. We note that petitioner asked in his CDP hearing request that SO Lavenberg consider an installment agreement in lieu of enforced collection action. Petitioner never proposed an offer in compromise during the hearing. In this regard, we generally consider only arguments, issues and other matters that were raised at the collection hearing or otherwise brought to the attention of the Appeals Office. See Living Care Alternatives of Utica, Inc. v. United States, 411 F.3d 621, 625 (6th Cir. 2005); Magana v. Commissioner, 118 T.C. 488, 493 (2002). It would be anomalous and improper for us to

conclude that SO Lavenberg abused her discretion in failing to consider an offer in compromise when petitioner did not raise the issue or bring it to SO Lavenberg's attention.  See Magana v. Commissioner, supra.  Accordingly, we consider only whether SO Lavenberg abused her discretion by not considering petitioner's request for an installment agreement.

A taxpayer may raise collection alternatives in a CDP hearing request that may include an installment agreement.  Sec. 6330(c)(2)(A)(iii).  The Secretary may enter into an installment agreement to satisfy the taxpayer's outstanding tax liabilities in appropriate circumstances.  Sec. 6159(a).  A taxpayer's eligibility for an installment agreement is based on the taxpayer's current financial condition.  Maselli v. Commissioner, T.C. Memo. 2010-19.  See generally Internal Revenue Manual (IRM) pt. 5.14.1.3 (Sept. 26, 2008).  The taxpayer must therefore provide specific financial information, including a proposed monthly payment or other periodic payment amount, when requesting an installment agreement.  IRM pt. 5.14.1.3(4) (Sept. 26, 2008).

The record reflects that petitioner did not submit a proposed installment agreement and failed to provide SO Lavenberg with the requested financial information.  We have repeatedly and consistently held that a settlement officer may sustain a collection action where the taxpayer has failed to provide requested information that would have permitted consideration of

collection alternatives.  See <u>Long v. Commissioner</u>, T.C. Memo. 2010-7; <u>Huntress v. Commissioner</u>, T.C. Memo. 2009-161; <u>Nelson v. Commissioner</u>, T.C. Memo. 2009-108.  SO Lavenberg informed petitioner that he needed to submit the requisite financial information and needed to provide signed tax returns if he wanted her to consider an installment agreement.  SO Lavenberg thereafter gave petitioner several chances to provide the requested financial information and be heard before issuing the determination notices.  Petitioner failed to submit the appropriate financial information and tax returns, and then he presented a dilatory request for an extension one day before the deadline specified in the "last chance" letter.  See <u>Roman v. Commissioner</u>, T.C. Memo. 2004-20.  It was not an abuse of discretion for SO Lavenberg to reject an installment agreement when petitioner failed to present financial information regarding his ability to pay.  See <u>Maselli v. Commissioner</u>, <u>supra</u>.

Petitioner has not presented any evidence or persuasive argument to convince us that SO Lavenberg abused her discretion. The record demonstrates that SO Lavenberg verified all applicable law and administrative procedures were followed in this matter. See sec. 6330(c)(1).

Petitioner has not set forth specific facts showing that there is a genuine issue for trial.  Accordingly, we find and hold that SO Lavenberg did not abuse her discretion in

determining that respondent may proceed with the collection action.  We shall therefore grant respondent's motion for partial summary judgment.

Moreover, because the parties have conceded all remaining issues, we shall enter a decision for respondent.  Courts have the inherent authority to issue orders they deem necessary and prudent to achieve the orderly and expeditious disposition of their cases.  See <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 764-765 (1980); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-632 (1962); <u>Williams v. Commissioner</u>, 92 T.C. 920, 932-933 (1989).

We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.