**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-73

UNITED STATES TAX COURT

JACK R. JANSHEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17517-12S L.                    Filed September 19, 2013.

Jack R. Janshen, pro se.

<u>Lisa M. Oshiro</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case is being considered pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  This case involves a petition for review of a lien or levy action. Respondent, in a motion filed August 14, 2013, moved for summary judgment with respect to the issues raised in the petition.  Petitioner was given 20 days to object or respond and failed to file any response to respondent's motion.  For the reasons outlined in this opinion, respondent's motion for summary judgment will be granted.

## Background

Respondent mailed a Final Notice-Notice of Intent to Levy and Notice of Your Right to a Hearing to petitioner on September 5, 2011, advising of the intention to levy to collect petitioner's unpaid tax liability for 2004 and offering an opportunity for a hearing with the Internal Revenue Service (IRS) Office of Appeals (Appeals).  Petitioner timely mailed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, on October 6, 2011.  Following some correspondence, a telephone hearing was scheduled for February 8, 2012. Appeals confirmed by reviewing petitioner's records and transcript of account that

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

the income tax liability had been properly assessed and the proper notices had been issued. Respondent's settlement officer spoke with petitioner's wife about the possibility of a collection alternative, such as an offer-in-compromise. Petitioner's wife asked that the hearing be rescheduled. The hearing was rescheduled to March 13, 2012. Petitioner's wife was reminded that, in accord with prior correspondence, petitioner had to submit certain financial information before the March 13, 2012, hearing to facilitate any consideration of a collection alternative. On March 13, 2012, the settlement officer telephoned petitioner, but petitioner did not answer and the settlement officer left a voice message.

On April 9, 2012, the settlement officer spoke with petitioner's wife and informed her that no financial information had been received. Petitioner's wife advised that she had sent the information to petitioner several weeks before April 9, 2012. The settlement officer provided an office address, fax number, and telephone number, and advised petitioner's wife that petitioner would be allowed until April 30, 2012, to provide his financial information. Nothing further was received from petitioner, and on June 4, 2012, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy to collect petitioner's 2004 income tax liabilities.

In his petition, petitioner questioned the underlying liability for 2004, indicated that collection would be a hardship, and stated that he was entitled to a collection alternative. Petitioner resided in the State of Washington at the time his petition was filed.

Before this collection action, respondent had properly mailed a statutory notice of deficiency to petitioner concerning his 2004 tax year. There is no evidence that the statutory notice of deficiency was returned to the IRS nor has petitioner ever denied its receipt. The underlying assessment for the 2004 income tax was made following petitioner's failure to file a petition in response to respondent's issuance of a statutory notice of deficiency for that year.

## Discussion

Summary judgment is appropriate where it is shown that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b). During the Appeals process, petitioner raised no issues with respect to the merits of the tax liability. Therefore, the appropriate standard of review in this case is an abuse of discretion standard. See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). To establish an abuse of discretion, the taxpayer must show that the decision complained of is arbitrary, capricious, or without sound basis in fact or law. Giamelli v. Commissioner, 129 T.C. 107, 111 (2007)

(citing Sego v. Commissioner, 114 T.C. 604, 610 (2000), and Woodral v. Commissioner, 112 T.C. 19, 23 (1999)); see also Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166.  In reviewing for abuse of discretion, the Court generally considers only the arguments, issues, and other matters that were raised at the collection due process hearing or otherwise brought to the attention of Appeals.  See Giamelli v. Commissioner, 129 T.C. at 115; Magana v. Commissioner, 118 T.C. 488, 493 (2002); sec. 301.6330-1(f)(2), Q&A-F3 Proced. & Admin. Regs.

A notice of deficiency was sent to petitioner at his last known address, and he failed to petition this Court or to challenge the 2004 income tax deficiency.  Under those circumstances, petitioner may not challenge during the collection proceeding the existence or amount of the underlying 2004 tax liability.  See Sego v. Commissioner, 114 T.C. 604.  Accordingly, the merits of the 2004 tax liability are not at issue.

Petitioner was provided several opportunities to present information so that collection alternatives could be considered.  He did not provide the information.  It is not an abuse of discretion when the settlement officer sustains a proposed collection action on account of the taxpayer's failure to provide requested information that would have permitted consideration of collection alternatives.

See Long v. Commissioner, T.C. Memo. 2010-7; Huntress v. Commissioner, T.C. Memo. 2009-161; Nelson v. Commissioner, T.C. Memo. 2009-108.

We find that there is no genuine issue of any material fact for trial in this case and hold that there was no abuse of discretion in respondent's decision to proceed with collection. Therefore, respondent's motion for summary judgment will be granted.

To reflect the foregoing,

An appropriate order and decision will be entered.