T.C. Memo. 2013-284

UNITED STATES TAX COURT

PAMELA H. STEVENSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22725-12L.                    Filed December 16, 2013.

Pamela H. Stevenson, pro se.

Patsy A. Clark, for respondent.

MEMORANDUM OPINION

GERBER, Judge: This case involves a petition for review of a notice of

determination to proceed with levy action. Respondent, in a motion filed August

28, 2013, moved for summary judgment with respect to the issues raised in the

petition. Petitioner, by the Court's order dated October 22, 2013, was allowed to

[*2] file, out of time, her objections to respondent's motion.[1]  A hearing was held on October 28, 2013.  For the reasons outlined in this opinion, respondent's motion for summary judgment will be granted.

## Background

Petitioner failed to file income tax returns for the years 2000 through 2006.  Respondent prepared a substitute for return for each of those tax years.  Each of the substitutes for return reflected an income tax liability, and petitioner failed to pay the liabilities or submit income tax returns to replace the substitutes for return.  On January 20, 2011, respondent mailed a notice of deficiency to petitioner covering the 2000 through 2006 tax years.  Petitioner did not petition this Court,

---

[1]Petitioner's objections were directed at certain documents attached to respondent's motion for summary judgment that petitioner contended were not part of the administrative record.  At the hearing respondent's counsel admitted that the documents complained of were not part of the administrative record and that the documents were not essential to the success of respondent's motion.  In addition, the documents objected to do not result in a dispute about a material fact upon which respondent's motion was based.  Finally, the documents that petitioner specifically agreed to in her October 22, 2013, response to respondent's motion fully support the factual predicate for respondent's motion.  In any event, petitioner is a resident of California, and this case would be appealable to the Court of Appeals for the Ninth Circuit absent stipulation to the contrary.  See sec. 7482(b)(1)(A).  That court has held that in these situations we follow the administrative record to decide the issues in this type of case.  See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009), aff'g in part as to this issue T.C. Memo. 2006-166.

[*3] and on July 4, 2011, respondent assessed income tax deficiencies and additions to tax against petitioner.

On February 16, 2012, respondent mailed a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, advising petitioner of his intent to levy to collect her unpaid tax liabilities for 2000 through 2006 and offering an opportunity for a hearing with the Office of Appeals (Appeals). Petitioner timely mailed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, which respondent received on March 15, 2012. Petitioner requested a face-to-face collection due process (CDP) hearing and indicated that she wished to make an audio recording of the meeting. Petitioner also stated that she was challenging the underlying tax liabilities and that she had not had a prior opportunity to challenge the underlying tax liabilities. Petitioner contended that it was unlikely that respondent could prove that the outstanding tax liabilities are authentic. She requested the opportunity to discuss available collection alternatives including offers-in-compromise, installment agreements, and any other payment arrangements that might be available. Petitioner also indicated that she questioned whether respondent had followed proper procedures. Finally, petitioner indicated that she did not intend to discuss any issues that the

**[*4]** Commissioner or the Courts have determined to be frivolous and that she abandoned any issue raised in the past that respondent considers to be frivolous.

Following some correspondence, a telephone hearing was scheduled for May 29, 2012. In the correspondence the settlement officer (SO) advised petitioner to contact him by telephone on the date and time indicated. The SO also indicated that petitioner had to file her income tax returns for the tax years in issue before any collection alternative could be considered. Petitioner was additionally advised that for a collection alternative to be considered she had to provide a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, unfiled income tax returns for the 2007, 2008, 2009, and 2010 tax years, and copies of bank statements for the prior three months. The documentation was to be provided no later than May 23, 2012. Petitioner was made aware that the above-referenced information had to be provided before a face-to-face hearing would be considered and that if a face-to-face hearing was held, respondent would also record the meeting and that recording of any telephone calls would not be permitted.

Petitioner failed to contact the SO on the scheduled date and time and, thereafter the SO sent a letter to petitioner dated May 29, 2012, again advising her to provide him with the previously requested documentation within 14 days. On

**[\*5]** May 30, 2012, the SO received a letter from petitioner, dated May 25, 2012, indicating that it was not convenient for her to participate in the scheduled telephone conference call and that before a face-to-face hearing was held, there were issues to be resolved that should be addressed in writing. Petitioner stated that she had not received any notices of deficiency for the tax years at issue. She also requested "substantial proof" that she owed the tax liabilities and she requested a copy of the rules and procedures for hearings so that she could confirm that the parties are in compliance with the rules and that any decisions are proper. She also questioned why the SO requested that she file subsequent years' unfiled income tax returns, as they are not part of the CDP hearing. In a letter dated May 30, 2012, the SO responded to petitioner, indicating that she would be provided with a copy of the notice of proposed assessment that was mailed to her during 2011 and that was the basis for the underlying tax liabilities. The SO also advised petitioner that the best method to challenge the underlying tax liabilities was to submit income tax returns. The SO reiterated that the filing of income tax returns was a prerequisite to any consideration of a collection alternative.

During July 2012 the SO sent petitioner a copy of the audit report previously mailed to her upon which the assessments were based for the tax years in issue. The SO again requested that the income tax returns be submitted within

**[\*6]** 30 days or Appeals would issue a determination letter sustaining the proposed collection action. In a letter dated July 31, 2012, petitioner again stated that she had not received any notices of deficiency for the tax years at issue and that she had not had a prior opportunity to challenge the underlying tax liabilities. On August 15, 2012, after considering that petitioner: had been provided with a copy of the underlying audit report; had failed to file income tax returns for the tax years at issue; had not submitted the subsequent years' unfiled income tax returns, whose filing was a prerequisite to a face-to-face hearing on collection alternatives; had failed to contact the SO or to provide him with a contact telephone number; and had failed to provide any information showing that the assessment was incorrect, the SO issued a notice of determination sustaining the proposed levy.

On September 18, 2012, petitioner timely petitioned this Court challenging the August 15, 2012, notice of determination for the tax years at issue.

## Discussion

Summary judgment is appropriate where it is shown that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b).[2] Although petitioner raised issues with respect to the merits of

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*7]** the tax liabilities at the administrative hearing, when provided the opportunity to address those issues, she failed to do so.  A taxpayer must raise an issue at Appeals for this Court to consider it.  However, if a taxpayer raises an issue concerning the underlying liability but fails to present any evidence to Appeals, the issue is not considered "raised" and is not ripe for consideration.  See Gentile v. Commissioner, T.C. Memo. 2013-175, at \*6-\*7; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  Accordingly, there is no need for this Court to address the underlying merits of the tax liabilities for the 2000 through 2006 tax year.

With respect to the decision to proceed with collection, the appropriate standard of review is whether there was abuse of discretion.  See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  To establish abuse of discretion, the taxpayer must show that the decision complained of is arbitrary, capricious, or without sound basis in fact or law.  Giamelli v. Commissioner, 129 T.C. 107, 111 (2007) (citing Sego v. Commissioner, 114 T.C. 604, 610 (2000), and Woodral v. Commissioner, 112 T.C. 19, 23 (1999)); see also Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166.  In reviewing for abuse of discretion, the Court generally considers only the arguments, issues, and other matters that were raised at the collection due process hearing or

**[\*8]** otherwise brought to the attention of Appeals. See Giamelli v. Commissioner, 129 T.C. at 115; Magana v. Commissioner, 118 T.C. 488, 493 (2002); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

Petitioner was provided several opportunities to present information so that collection alternatives could be considered. She did not provide the information. It is not an abuse of discretion for the settlement officer to sustain a proposed collection action on account of the taxpayer's failure to provide requested information that would have permitted consideration of collection alternatives. See Long v. Commissioner, T.C. Memo. 2010-7; Huntress v. Commissioner, T.C. Memo. 2009-161; Nelson v. Commissioner, T.C. Memo. 2009-108.

We find that there is no genuine dispute as to any material fact for trial in this case and hold that there was no abuse of discretion in respondent's decision to proceed with collection. Therefore, respondent's motion for summary judgment will be granted.

To reflect the foregoing,

An appropriate order and decision will be entered.