T.C. Memo. 2014-183

UNITED STATES TAX COURT

PATRICIA L. LANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24966-12L.                    Filed September 8, 2014.

P filed a petition for review of a lien notice filing pursuant to I.R.C. sec. 6320 in response to R's determinations that the collection actions were appropriate.

<u>Held</u>: P is not eligible to contest the underlying tax liability.

<u>Held</u>, <u>further</u>, R's determinations are sustained.

Patricia L. Lang, pro se.

<u>Priscilla A. Parrett</u>, for respondent.

[*2]                    MEMORANDUM  OPINION

WHERRY, Judge:  The parties submitted this case pursuant to Rule 122.[1]

Respondent issued petitioner a Notice of Determination Concerning Collection

Action(s) Under Section 6320 (notice of determination).  In response to the notice

of determination, petitioner timely filed a petition pursuant to section 6330(d).

The issues that we have been asked to decide are:  (1) whether petitioner is

precluded from contesting her underlying Federal income tax liabilities for her

2003, 2004, 2006, and 2007 tax years; (2) whether the Appeals Office abused its

discretion in sustaining respondent's collection actions; and (3) whether we should

impose a penalty pursuant to section 6673.

## Background

Some of the facts have been stipulated.  The stipulation, with accompanying

exhibits, is incorporated herein by this reference.  At the time the petition was

filed, petitioner resided in Indiana.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended and in effect at all relevant times, and Rule references
are to the Tax Court Rules of Practice and Procedure.

**[*3]** <u>Notices of Deficiency and Intent To Levy</u>

Petitioner did not file Federal income tax returns for the taxable years 2003, 2004, 2006, and 2007. Consequently, respondent prepared substitutes for returns pursuant to the authority granted to him by section 6020(b). Petitioner subsequently submitted tax returns for 2003, 2004, and 2007 on April 11, 2007, July 31, 2008, and August 27, 2011, respectively. These late tax returns were disregarded as they were filed after respondent had issued statutory notices of deficiency for the tax years and assessed the tax and additions to tax shown to be due in the statutory notices of deficiency.

Respondent issued to petitioner notices of deficiency for the tax years 2003, 2006, and 2007 on November 6, 2006, January 12, 2009, and August 2, 2010, respectively. The notices were sent via certified mail and were addressed to petitioner at her last known address in Woodburn, Indiana. Petitioner's last known address and her current address reflected on her Tax Court petition are identical. Respondent may have also issued to petitioner a proper notice of

[*4] deficiency for the tax year 2004 on March 24, 2008.[2]  Petitioner failed to file a petition contesting any of the notices of deficiency, and the tax was assessed.

Respondent sent petitioner four notices, Letters 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notices) on February 25, 2008, February 9, 2009, October 26, 2009, and May 23, 2011, for the taxable years 2003, 2004, 2006, and 2007, respectively, advising her that he intended to levy to collect her unpaid income tax liabilities and that she could request and then receive a hearing with the Appeals Office.  All the levy notices were sent via certified mail, addressed to petitioner at her last known address.  Petitioner did not request a collection due process (CDP) hearing in response to these levy notices.

Notice of Federal Tax Lien Filing and Request for a Hearing

Respondent on December 13, 2011, issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing for the tax years at issue under section 6320.  Subsequently, petitioner filed a timely Form 12153, Request for a

---

[2]For years 2003, 2006, and 2007 respondent has provided adequate documentation, in the form of copies of the statutory notices of deficiency and duly postmarked certified mail receipts, to establish that the notices of deficiency for these years were issued and sent via certified mail.  However, as to the year 2004 the record does not contain a true and complete copy of the notice of deficiency, nor does it contain proof of certified mailing of the notice of deficiency to establish that a proper notice of deficiency for this year was issued and/or sent to petitioner by certified mail.

**[*5]** Collection Due Process or Equivalent Hearing, with respondent along with an attachment. In the attachment petitioner requested a face-to-face hearing and demanded that the Internal Revenue Service (IRS) verify that all procedures were followed properly. She stated that she did not believe she was liable for tax, that she "should NOT be held responsible for the penalties accrued", and that she wanted to "challenge this 'liability' seeing that I NEVER had a chance to challenge it before". In the alternative, petitioner asserted that "if this liability is indeed a proper assessment and can be proven that it is authentic and owed, I would like to discuss what collection alternatives are available to me, to include, but not limited to Offer in Compromise, Installment Agreements, and any other payment arrangements that may be available to me".

Hearing Proceedings and the Notice of Determination

Petitioner's case was assigned to Settlement Officer Kathy Masters, who wrote to petitioner on February 29, 2012, advising her of the assignment and providing an overview of the Appeals process and what was expected of her. On April 19, 2012, Ms. Masters mailed petitioner a letter informing her that Ms. Masters had scheduled a telephone conference for May 17, 2012. Ms. Masters further advised petitioner that, although she had requested a face-to-face hearing, she was ineligible for a face-to-face hearing because she was not in filing

**[\*6]** compliance. Ms. Masters asked petitioner to submit financial information by completing and returning Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and informed her that if she was in filing compliance by May 7, 2012, and had submitted the Form 433-A, Ms. Masters would transfer the case to allow petitioner to have a face-to-face hearing.

On May 17, 2012, not having received any documents from petitioner and not being able to reach her for the scheduled telephone conference, Ms. Masters sent her a letter informing her that if she did not provide the requested information by May 31, 2012, she would make the determination using the information available to her.

Petitioner responded to the earlier April 19, 2012, letter with a letter dated May 14, 2012, which respondent received on May 18, 2012, asserting that the scheduled telephone conference date was not convenient for her and that she had never received a notice of deficiency for the years at issue.

On May 22, 2012, Ms. Masters mailed petitioner a followup letter noting her failure to comply with the requirements for collection alternatives eligibility, which would have made her eligible for a face-to-face hearing, including her

[*7] failure to provide the requested information and file delinquent tax returns.[3] The letter also noted that the records showed the notices of deficiency had been mailed to petitioner's last known address. Ms. Masters gave petitioner until May 31, 2012, to respond and submit the delinquent tax returns and any relevant information for her consideration.

On June 18, 2012, Ms. Masters received another letter from petitioner, repeating the same claims that petitioner had asserted in her last letter without providing any of the requested information. Subsequently, Ms. Masters made her determination and prepared the case for closure. On August 30, 2012, respondent issued petitioner the notice of determination sustaining the lien notice filing to aid in the collection of her income tax liabilities for the tax years at issue. Petitioner then filed a timely petition with this court.

## Discussion

Petitioner objects to Ms. Masters' determination on the following grounds: (1) petitioner never received notices of deficiency for the tax years at issue and therefore had no opportunity to challenge the underlying tax liability;

---

[3]Petitioner has not filed returns for the taxable years 2008, 2009, 2010, and 2011.

**[\*8]** (2) respondent failed to provide her with a face-to-face CDP hearing; and (3) respondent failed to show that he followed all proper procedures as required by law. We consider these contentions and then evaluate whether to impose a penalty under section 6673.

I.      Collection Actions

     A.      General Rules and the Standard of Review

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability after demand for payment. The lien generally arises at the time assessment is made. Sec. 6322. Section 6323, however, provides that this lien shall not be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until the Secretary files a notice of lien with the appropriate public officials.

Section 6320 sets forth procedures applicable to afford protections for taxpayers in lien situations. Section 6320(a)(1) establishes the requirement that the Secretary notify, in writing, the person described in section 6321 of the filing of a notice of lien under section 6323. This notice required by section 6320 must be sent not more than five business days after the notice of tax lien is filed and must advise the taxpayer of the opportunity for administrative review of the matter

**[*9]** in the form of a hearing before the Appeals Office. Sec. 6320(a)(2) and (3).

Section 6320(b) and (c) grants a taxpayer, who so requests, the right to a fair

hearing before an impartial Appeals officer, generally to be conducted in

accordance with the procedures described in section 6330(c), (d), (e), and (g).

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c). Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
>
> (2) Issues at hearing.--
>
> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
> (i) appropriate spousal defenses;
>
> (ii) challenges to the appropriateness of collection actions; and
>
> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>
> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the

[*10] person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court. In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review: "[W]here the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion." Sego v. Commissioner, 114 T.C. 604, 610 (2000).

B.     Petitioner's Challenge to Underlying Liabilities

Section 6330(c)(2)(B) permits challenges to the existence or amount of the underlying liability in collection proceedings only where the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to challenge the liability. Petitioner asserts that she never had an opportunity to dispute her underlying tax liabilities. She contends that she never received notices of deficiency for the tax years at issue. Respondent contends that the notices were properly mailed by certified mail to petitioner's last known address. We examine

[*11] first whether petitioner received notices of deficiency for the taxable years 2003, 2006, and 2007 and thus had a prior opportunity to contest her tax liabilities for those years. We conclude she did.

In the absence of clear evidence to the contrary, the presumptions of official regularity and delivery justify the conclusion that the statutory notice was sent and that attempts to deliver were made. Sego v. Commissioner, 114 T.C. at 611; see also United States v. Zolla, 724 F.2d 808, 809-810 (9th Cir. 1984). Proper mailing includes mailing by certified mail to the taxpayer's last known address. Sego v. Commissioner, 114 T.C. at 611. If the presumption applies, this Court may find that a taxpayer received the notice if he fails to rebut the presumption. See Conn v. Commissioner, T.C. Memo. 2008-186. A taxpayer's self-serving testimony that he did not receive the notice of deficiency, standing alone, is generally insufficient to rebut the presumption. See Klingenberg v. Commissioner, T.C. Memo. 2012-292, at *12; Casey v. Commissioner, T.C. Memo. 2009-131, 2009 WL 1606226, at *4. The Court's determination of whether a taxpayer has received a notice of deficiency so as to preclude a challenge to the underlying tax liability under section 6330(c)(2)(B) is made "[on] the preponderance of the evidence". Sego v. Commissioner, 114 T.C. at 611;

[*12] Figler v. Commissioner, T.C. Memo. 2005-230, 2005 WL 2444045, at *4;
see also Casey v. Commissioner, 2009 WL 1606226, at *4.

Respondent has shown that the notices of deficiency for 2003, 2006, and
2007 were mailed to petitioner's last known mailing address, which is also her
current mailing address, via United States Postal Service certified mail.  The
notices of deficiency were not returned to respondent as undeliverable.  Petitioner
has regularly received mail from the IRS at that same address and resided there
when the Tax Court petition was filed.  Therefore, respondent is entitled to the
presumption of official regularity.  Petitioner has not produced any evidence, other
than her own unsubstantiated claims, to rebut the presumption of official
regularity.  We conclude that she received the notices of deficiency and thus had a
prior opportunity to contest her liabilities for the tax years 2003, 2006, and 2007.

We next ask whether petitioner had had a prior opportunity to contest her
2004 tax liability when she received the Final Notice of Intent to Levy and Your
Right to a Hearing for the year 2004, precluding her from challenging her liability
for that year.  We conclude she did.

Under section 6330(c)(2)(B) petitioner is precluded from contesting her
underlying liability in a CDP hearing and in this proceeding if she already had a
prior opportunity to contest her liability.  Section 301.6320-1(e)(3), Q&A-E7,

[*13] Proced. & Admin. Regs., reflects the same interpretation and application of the statutory provision section 6330(c)(2)(B).[4] The regulation provides that where the taxpayer previously received a CDP notice under section 6330 with respect to the same tax and tax period and did not request a CDP hearing with respect to that earlier CDP notice, the taxpayer already had an opportunity to dispute the existence or amount of the underlying tax liability. See Bell v. Commissioner, 126 T.C. 356 (2006); sec. 301.6320-1(e)(3), Q&A-E7, Proced. & Admin. Regs.

Petitioner received a Final Notice of Intent to Levy and Your Right To A Hearing for year 2004. She took no action in response to it. Because petitioner could have filed an appeal of respondent's notice of intent to levy and therein

---

[4]Sec. 301.6320-1(e)(3), Q&A-E7, Proced. & Admin. Regs., states as follows:

Q-E7. What issues may a taxpayer raise in a CDP hearing under section 6320 if the taxpayer previously received a notice under section 6330 with respect to the same tax and tax period and did not request a CDP hearing with respect to that notice?

A-E7. The taxpayer may raise appropriate spousal defenses, challenges to the appropriateness of the NFTL filing, and offers of collection alternatives. The existence or amount of the underlying liability for any tax period specified in the CDP Notice may be challenged only if the taxpayer did not have a prior opportunity to dispute the tax liability. If the taxpayer previously received a CDP Notice under section 6330 with respect to the same tax and tax period and did not request a CDP hearing with respect to that earlier CDP Notice, the taxpayer had a prior opportunity to dispute the existence or amount of the underlying tax liability.

**[*14]** challenged her underlying Federal income tax liability for the year 2004, we conclude that she had a prior opportunity to challenge her underlying tax liability for that year and is now precluded from challenging it in this Court.

C.    Review of Respondent's Notice of Determination

Because the validity of the underlying tax liabilities are not properly at issue, we will review respondent's administrative determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  In reviewing for abuse of discretion, we will reject the determination of the Appeals Office only if petitioner establishes that the determination was arbitrary, capricious, or without sound basis in fact or law.  See Rule 142(a); Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).  We do not normally substitute our judgment for that of the Appeals Office, and we do not decide independently whether we believe the lien notice filing should be withdrawn.  See Murphy v. Commissioner, 125 T.C. at 320. Instead, we consider whether, in the course of making its determination, the Appeals Office (1) verified that the requirements of applicable law and administrative procedure have been met, (2) considered any relevant issue raised by the taxpayer that relates to the unpaid tax or the proposed levy, and (3) determined whether any proposed collection action balances the need for the

**[\*15]** efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.  Sec. 6330(c)(1), (2), and (3).

Petitioner contends that her hearing was not fair and impartial because she was denied a face-to-face hearing.  Although a section 6330 hearing may consist of a face-to-face hearing, a proper hearing may also occur by telephone or by correspondence under certain circumstances.  Katz v. Commissioner, 115 T.C. 329, 335-338 (2000); Barry v. Commissioner, T.C. Memo. 2011-127, 2011 WL 2260418, at \*5; sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.  The regulations also explain that a face-to-face hearing will not be granted if the request for a hearing or other taxpayer communications indicates that the taxpayer wishes only to raise irrelevant or frivolous issues.  Sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs.; see also Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Lindberg v. Commissioner, T.C. Memo. 2010-67, 2010 WL 1330343, at \*9.  Furthermore, a face-to-face hearing to consider a collection alternative will not be granted unless the taxpayer has filed the past-due returns and submitted the required financial statements.  See Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007) (stating that Appeals officer did not abuse her discretion in rejecting proposed installment agreement (a collection alternative)

**[\*16]** and sustaining proposed collection action because taxpayer was not in compliance with his current tax obligations); Lindberg v. Commissioner, 2010 WL 1330343, at \*9. Thus, we have repeatedly held that there is no abuse of discretion in the IRS' refusal of a face-to-face hearing where a taxpayer has failed to present nonfrivolous arguments, file past-due returns, and submit financial statements as prerequisites to a collection alternative. See Seaver v. Commissioner, T.C. Memo. 2012-55, 2012 WL 638736, at \*2; Zastrow v. Commissioner, T.C. Memo. 2010-215, 2010 WL 3981771, at \*3.

Petitioner never raised any nonfrivolous issues. She repeatedly demanded that Ms. Masters explain and verify the procedures and laws that were followed and argued that she did not have the opportunity to contest the underlying liabilities. Petitioner, however, never presented any evidence that the underlying liabilities were incorrect, nor did she suggest a collection alternative or satisfy respondent's requests for her to complete and submit a Form 433-A and file her delinquent tax returns. Accordingly, the Appeals Office did not abuse its discretion in denying petitioner a face-to-face collection due process hearing.

Petitioner has not advanced any argument or introduced any evidence that would allow us to conclude that the determination to sustain the levy was arbitrary, capricious, or without sound basis in fact or law. The Appeals Office

[*17] correctly precluded petitioner from challenging the underlying liabilities. Petitioner did not comply with Ms. Masters' requests to submit tax returns or submit a Form 433-A or any other financial information. The Appeals Office determined that the requirements of applicable law and administrative procedure had been met and concluded that the lien notice filing appropriately balanced the need for efficient collection of taxes with petitioner's concerns regarding the intrusiveness of the collection action. Therefore, we hold that the Appeals Office did not abuse its discretion when it issued a notice of determination upholding the proposed collection action.

II.    Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require the taxpayer to pay a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless. In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we warned that taxpayers who abuse the protections afforded by sections 6320 and 6330 by bringing dilatory or frivolous lien or levy actions will face sanctions under section 6673. We have, in the past, imposed a section 6673 penalty in cases premised on arguments akin to those petitioner raised. In Klingenberg v. Commissioner, T.C.

**[*18]** Memo. 2012-292, the taxpayer repeatedly demanded that the settlement officer explain the procedures or laws that were followed and argued that he did not have the opportunity to contest the underlying liabilities, without presenting any evidence that the underlying liabilities were incorrect. The taxpayer also argued that the Commissioner did not provide him with a face-to-face CDP hearing that he had specifically requested, while failing to submit any of the requested financial information or income tax returns. This Court concluded that the taxpayer had not raised any nonfrivolous issue and imposed a section 6673 penalty for raising frivolous arguments and instituting proceedings primarily for delay. See id. at *20.

We are convinced that petitioner instituted this proceeding primarily for delay. Petitioner repeatedly advanced contentions and demands previously and consistently rejected by this Court. We consider it an abuse of our process that "[t]axpayers with genuine controversies were delayed while we considered this case." Solomon v. Commissioner, T.C. Memo. 1993-509, aff'd without published opinion, 42 F.3d 1391 (7th Cir. 1994).

Nevertheless, we have decided to exercise restraint given that petitioner may not have received a prior warning concerning the imposition of a section 6673 penalty. Petitioner did not appear at calendar call, and respondent made a

[*19] joint motion to submit the cause under Rule 122. But we have stated that cases submitted under Rule 122 could still give rise to a section 6673 penalty. See, e.g., Crites v. Commissioner, T.C. Memo. 2012-267. Petitioner may not have received that warning and did ultimately timely prosecute her case by means of the Rule 122 procedures. Consequently, we exercise restraint in this case. But we caution petitioner that if she insists on continuing to waste the time of this Court, by not voluntarily filing her required Federal income tax returns, by making frivolous arguments, or by unreasonably delaying any future case, we will be inclined to impose a section 6673 penalty.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered

for respondent.