T.C. Memo. 2015-213

UNITED STATES TAX COURT

GREGORY MARTENS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29242-13L.                    Filed November 3, 2015.

Gregory Martens, pro se.

Steven I. Josephy, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  This case was commenced in response to a Notice of
Determination Concerning Collection Action(s) under Section 6320 and/or 6330
(notice of determination) upholding proposed collection actions regarding
petitioner's unpaid tax penalties for tax years 2002 and 2003 and income tax

[*2] liabilities for tax years 2006-08. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times. We round all monetary amounts to the nearest dollar.

The issues for consideration are: (1) whether petitioner is liable for penalties under section 6702 for tax years 2002 and 2003; (2) whether respondent's determination to proceed with the proposed collection actions was proper; and (3) whether sanctions should be imposed against petitioner pursuant to section 6673(a)(1).

## FINDINGS OF FACT

Petitioner resided in Colorado when he filed his petition.

On February 13, 2006, respondent assessed against petitioner a section 6702 frivolous return penalty of $500 for tax year 2002 and a section 6702 frivolous return penalty of $500 for taxable year 2003.[1]

---

[1]Sec. 6702 has been amended by the Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, div. A, sec. 407(a), 120 Stat. at 2960. The amendment is effective for submissions made and issues raised after the date on which the Secretary first prescribes a list of frivolous positions under sec. 6702(c). That list was announced on March 15, 2007. Notice 2007-30, 2007-1 C.B. 883; IRS News Release IR-2007-61 (Mar. 15, 2007). Petitioner's tax return associated with the sec. 6702 penalty was filed before March 16, 2007. The 2006 amendment is not applicable in this case, and that amendment increased the penalty from $500 to $5,000.

[*3]   On June 16, 2006, respondent mailed petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, regarding petitioner's section 6702 penalty for tax year 2002.[2]

Petitioner did not file Forms 1040, U.S. Individual Income Tax Return, for tax years 2006-08, and respondent issued petitioner notices of deficiency with respect to his income tax liabilities for those years. Petitioner did not petition this Court in response to the notices of deficiency. Petitioner did not dispute receiving the notices of deficiency.

On July 10, 2013, respondent mailed petitioner a Letter 1058 regarding petitioner's section 6702 penalty for tax year 2003 and his income tax liabilities for tax years 2006-08.

On July 25, 2013, respondent mailed petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320, informing petitioner that respondent had filed a notice of Federal tax lien (NFTL) regarding petitioner's section 6702 penalties for tax years 2002 and 2003 and petitioner's income tax liabilities for tax years 2006-08.

---

[2]The notice of determination on which this case is based does not include the proposed levy for the sec. 6702 penalty for tax year 2002.

**[\*4]**    Petitioner filed timely a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request).  The CDP hearing request, which was for both the NFTL filing and the proposed levy, raises concerns about the reliability and trustworthiness of respondent's computer systems.

On September 12, 2013, a settlement officer mailed petitioner a letter scheduling a telephone conference for October 15, 2013.  The letter also informed petitioner that the settlement officer would discuss any nonfrivolous issues that petitioner wished to raise and that petitioner had to provide the following documents to the settlement officer if he wished to pursue a collection alternative: (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, along with verification of all items shown on the Form 433-A; (2) signed Forms 1040 for tax years 2009-12; and (3) proof of estimated tax payments for tax year 2013.

On November 5, 2013, the settlement officer and petitioner held a telephone conference.  During the telephone conference petitioner raised the reliability, trustworthiness, and validity of the TXMOD computer transcripts that the settlement officer used to verify the assessment of petitioner's penalties and income tax liabilities.  The settlement officer informed petitioner that this argument was frivolous.

[*5] On November 18, 2013, respondent issued petitioner the notice of determination, which states that petitioner disagrees "with * * * [his] liability because computer transcripts are unreliable".

OPINION

I. Jurisdiction

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify the taxpayer of the Secretary's intention to levy. Sec. 6331(d)(1). The Secretary must also notify the taxpayer of his or her right to a CDP hearing. Sec. 6330(a)(1).

The Federal Government obtains a tax lien against the property and rights to property, whether real or personal, of a taxpayer with an outstanding tax liability whenever a demand for payment has been made and the taxpayer neglects or refuses to pay. Sec. 6321; Iannone v. Commissioner, 122 T.C. 287, 293 (2004). Section 6320(a)(1) requires the Secretary to provide written notice to a taxpayer when the Secretary has filed an NFTL against the taxpayer's property and property rights. See also sec. 6323. The Secretary must also notify the taxpayer of his or her right to a CDP hearing. Sec. 6320(a)(3).

**[*6]** If the taxpayer requests a CDP hearing, the hearing is conducted by the Appeals Office. Secs. 6320(b)(1), 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action. Secs. 6320(c), 6330(c)(2)(A). Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court. Secs. 6320(c), 6330(d)(1).

Section 6330(d)(1) provides this Court with jurisdiction to review an appeal from the Commissioner's determination to proceed with collection activity regardless of the type of underlying tax involved. A "tax" may include the liability for a section 6702 frivolous return penalty. Sec. 6671(a); Lindberg v. Commissioner, T.C. Memo. 2010-67, slip op. at 15. We have held that our jurisdiction under section 6330 includes the review of the Commissioner's determination regarding the collection action with respect to section 6702 frivolous return penalty by NFTL or levy. See Callahan v. Commissioner, 130 T.C. 44, 48-49 (2008); Lindberg v. Commissioner, T.C. Memo. 2010-67.

II.    Standard of Review

Where the validity of the underlying tax liability is properly in issue, we review that matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). A taxpayer may challenge

**[\*7]** the underlying tax liability during a CDP hearing if he or she did not receive a statutory notice of deficiency for such liability or did not otherwise have the opportunity to dispute such liability. Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004). The Court reviews administrative determinations by the Appeals Office regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. In determining abuse of discretion, we consider whether the determination was arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Because the taxpayer does not receive a statutory notice of deficiency before a penalty under section 6702 is assessed, the taxpayer may challenge his or her liability for the penalty in an administrative hearing under section 6320 or 6330. Callahan v. Commissioner, 130 T.C. at 49-50.

Petitioner was sent a June 16, 2006, Letter 1058 with respect to the section 6702 penalty for 2002 which provided the opportunity to challenge the liability. Petitioner did not request a CDP hearing. Because petitioner had a prior opportunity to challenge the penalty for 2002, he is precluded from challenging it here. See sec. 301.6320-1(e)(3), Q&A-E7, Proced. & Admin. Regs.; see also Lang

[*8] v. Commissioner, T.C. Memo. 2014-183; Nelson v. Commissioner, T.C. Memo. 2009-108.

We reject respondent's argument that petitioner failed to dispute his underlying liability for the 2003 frivolous return penalty with the settlement officer during the administrative CDP proceedings. Petitioner disputed the penalty as respondent acknowledged in the notice of determination. Under a section entitled "Challenges to the Existence of Amount of Liability" the notice of determination states: "You disagree with your liability because computer transcripts are unreliable." We consider petitioner's liability for the section 6702 penalty for tax year 2003 de novo.

Petitioner did receive notices of deficiency for his underlying tax liabilities for tax years 2006-08. As a result, petitioner is not entitled to challenge those liabilities and we review respondent's determinations related to those liabilities for abuse of discretion.

III.  Section 6702 Penalties

Section 6702 as applicable to this case provides:

> SEC. 6702(a). Civil Penalty.--If--
>
>> (1) any individual files what purports to be a return of the tax imposed by subtitle A but which--

[*9]                    (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

                    (B) contains information on its face indicates that the self-assessment is substantially incorrect; and

          (2) the conduct referred to in paragraph (1) is due to--

                    (A) a position which is frivolous, or

                    (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

See Callahan v. Commissioner, 130 T.C. at 51 n.7.

The Secretary bears the burden of proving that a taxpayer is liable for the section 6702 penalty. Sec. 6703(a). The deficiency procedures codified in subchapter B of chapter 63, i.e., sections 6211-6216, do not apply to the assessment or collection of the section 6702 penalty. Sec. 6703(b).

Respondent did not introduce into evidence a copy of petitioner's 2003 tax return. Respondent also did not introduce into evidence any documents that prove by a preponderance of evidence that petitioner filed a document purporting to be a tax return.[3] As a result, respondent has failed to prove that petitioner is liable for

---

[3]On April 9, 2015, the Court ordered respondent to supplement the February

(continued...)

[*10] the section 6702 penalty for tax year 2003.  See Grunsted v. Commissioner, 136 T.C. 455, 459 (2011) (noting that generally we look to the face of the documents to determine whether a taxpayer is liable for a frivolous penalty as a matter of law); Callahan v. Commissioner 130 T.C. at 51-53 (noting further that the penalty has been imposed upon taxpayers who have taken one or more of a variety of positions, but concluding (even after examining the document in question) that until the record is developed, we cannot says as a matter of law that the taxpayers therein took a frivolous position or that they desired to delay or impede the administration of Federal tax laws).[4]

IV.    Respondent's Administrative Determinations

Following a CDP hearing the settlement officer must determine whether to sustain the proposed collection actions.  In making that determination, sections

---

[3](...continued)
19, 2015, motion for summary judgment with the frivolous tax returns which led respondent to enter assessments for each of the sec. 6702 penalties in dispute. Respondent's response indicates that returns and tax return transcripts were not retained for tax years 2002 and 2003.

[4]On April 14, 2015, respondent filed a supplement to his motion for summary judgment and indicated that to verify the validity of the assessment he attached Internal Revenue Service TXMOD transcripts of petitioner's account for tax years 2002 and 2003.  For each of these years there is a TC 240 code, which relates to the assessment of a miscellaneous civil penalty.  There is also a secondary penalty code, 666, which denotes a frivolous tax submission.

[*11] 6320(c) and 6330(c)(3) require the settlement officer to consider: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the collection action balances the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Lunsford v. Commissioner, 117 T.C. 183, 184 (2001); Diamond v. Commissioner, T.C. Memo. 2012-90, slip op. at 6-7; see also sec. 6320(c).

We note that the settlement officer properly based her determination on the required factors. The settlement officer (1) verified that all legal and procedural requirements had been met, (2) considered the issues petitioner raised, and (3) determined that the proposed collection action appropriately balanced the need for the efficient collection of taxes with the legitimate concern of petitioner that the collection action be no more intrusive than necessary.

Petitioner contends that it was an abuse of discretion for the settlement officer to use TXMOD transcripts to verify the assessment under section 6330(c)(1). Section 6330(c)(1) does not require the Appeals officer to rely on any particular document in satisfying the verification requirement. Craig v. Commissioner, 119 T.C. 252, 262 (2002); Roberts v. Commissioner, 118 T.C. 365, 371-372 n.10 (2002), aff'd per curiam, 329 F.3d 1224 (11th Cir. 2003). We have

[*12] held that, absent a showing by the taxpayer of an irregularity in the Commissioner's assessment procedure, it is not an abuse of discretion for an Appeals officer to rely on a TXMOD computer transcript of account to comply with section 6330(c)(1). Schroeder v. Commissioner, T.C. Memo. 2002-190, slip op. at 12; Mann v. Commissioner, T.C. Memo. 2002-48. Petitioner has not demonstrated that there was any irregularity in respondent's assessment procedure. The settlement officer did not abuse her discretion in relying on the TXMOD transcripts to verify the assessments.

V.    Section 6673 Sanctions

During trial respondent moved that the Court impose sanctions against petitioner pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

We will deny respondent's motion. Although petitioner did advance frivolous arguments during trial, he did stop when warned. Since we find for petitioner with respect to the section 6702 penalty for tax year 2003, part of his case has merit. However, we warn petitioner, as we did at trial, that if he does not

**[*13]** abandon his misguided positions, it is very likely that in future cases before this Court a penalty will be imposed.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.