**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2330
_____

UNITED STATES OF AMERICA

v.

TROY A. BEAM,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 1-10-cr-00047-001)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 18, 2015

Before: CHAGARES, KRAUSE and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 20, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Troy A. Beam appeals from the District Court's denial of the motion for a new trial that he filed pursuant to Rule 33 of the Federal Rules of Criminal Procedure. We will affirm the District Court's judgment.

The parties are familiar with the facts and procedural background. In short, Beam was convicted after a jury trial of criminal wrongdoing in connection with his failure to comply with federal income tax laws. This Court affirmed the conviction. See United States v. Beam, 528 F. App'x 233 (3d Cir. 2013). Pertinent here, Beam was convicted in part because of his purchase of trusts from Commonwealth Trust Company ("CTC") and its promoter, Wayne Rebuck. The Internal Revenue Service determined that the trusts were directly controlled by the purchasers, and were simply an attempt to avoid paying income taxes. At trial, Beam attempted to show that he relied in good faith on CTC's and Rebuck's declarations that the trusts were legitimate.

In his Rule 33 motion, Beam alleged that the Government committed discovery violations under Fed. R. Crim. P. 16, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500, depriving him of a fair trial. Beam alleged that if the non-disclosed evidence had been produced, the evidence would have negated the mens rea necessary for conviction, and that it would

2

have allowed him to discredit Rebuck's trial testimony. The District Court denied the Rule 33 motion, and Beam timely appealed.[1]

"We review the District Court's denial of a motion for a new trial for abuse of discretion." United States v. Schneider, 801 F.3d 186, 201 (3d Cir. 2015). Where a Rule 33 motion is based on newly-discovered evidence, the movant shoulders a "heavy burden," see United States v. Brown, 595 F.3d 498, 511 (3d Cir. 2010), of proving five elements: "(a) [T]he evidence must be in fact newly discovered, i.e.[,] discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal," Schneider, 801 F.3d at 201-02.

We agree with the District Court[2] that some of the evidence was not new (or at least it could have been discovered with due diligence), and that some of the evidence

_____

[1] Beam proceeds pro se here, but he was represented by counsel in the District Court. After his Rule 33 motion was fully briefed, the District Court granted counsel's motion to withdraw. To the extent Beam challenges that order, we find that the District Court did not abuse its discretion, as Beam was not prejudiced by his attorney's withdrawal at that point in the proceedings. See United States v. Berger, 375 F.3d 1223, 1226 (11th Cir. 2004) (Rule 33 motion filed after completed direct appeal is collateral proceeding; thus representation by counsel is left to discretion of district court); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (no constitutional right to counsel for collateral proceeding).

[2] The District Court focused on whether Beam had established a Brady violation rather than whether he met the requisites for a Rule 33 motion. But a court considers very

3

was cumulative. More importantly, none of the evidence is such that it would have probably produced an acquittal at a new trial. See Brown, 595 F.3d at 511 (noting that even assuming the first four factors had been satisfied, the district court did not abuse its discretion in denying the Rule 33 motion because defendant had failed to show that the newly-discovered evidence probably would have resulted in an acquittal).[3]

First, some of the evidence was available to Beam's attorney before trial. Beam claimed that the Government failed to turn over seventy boxes worth of marketing and other materials that it had gathered pursuant to a search warrant of CTC. But Beam's trial attorney, Larry Becraft, was aware of the boxes due to his involvement in United States v. Bitterman, No. 5:09-cr-772-JKG (E.D. Pa.), which was another prosecution of CTC clients. In fact, before Beam's trial, Becraft requested that the Government produce some of the search warrant files in Beam's case. Because the materials were known to the defense, or at least available to the defense before trial, they cannot form the basis of a "newly-discovered-evidence" Rule 33 motion.

---

similar factors under either inquiry. See, e.g., United States v. Pelullo, 399 F.3d 197, 209 (3d Cir. 2005) ("To establish a due process violation under Brady, . . . a defendant must show that: (1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material either to guilt or to punishment.") (internal quotation marks omitted). The question of whether evidence was "suppressed" also suggests whether it was newly-discovered, and the question of materiality can include a discussion of whether the evidence is cumulative and how it affects the guilt or innocence determination.

[3] The Government argues that Beam has waived any challenge to the District Court's denial of his Rule 33 motion by not making adequate argument in his opening brief. We conclude that the allegations of his brief are sufficient for us to discern a challenge to the

4

The second category of evidence was produced to the <u>Bitterman</u> defendants more than two years after Beam's conviction. Beam asserts that some of the evidence would have bolstered his contention that Rebuck believed the CTC trusts were legal, and other evidence would have shown that Rebuck had the motivation to lie at Beam's trial in order to protect his FBI-agent son's career. Although this evidence is "newly-discovered," it is "merely cumulative [and/]or impeaching." <u>Schneider,</u> 801 F.3d at 202. Beam had available to him at trial evidence showing that Rebuck initially believed (or at least said that he believed) that the CTC trusts were legal. The jury either did not credit this evidence, or it did not believe that it showed that Beam was unaware of the trusts' illegality. Beam also had available to him discovery that indicated that Rebuck's son was an FBI agent. Beam thus could have asked Rebuck whether this affected his motivation to testify against Beam.

Further, the undisclosed evidence is not "of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal." <u>Id.</u> As the District Court noted, even if Beam had been able to totally discredit Rebuck's testimony, the Government produced other substantial evidence that undermined Beam's good-faith defense:

> including Beam's background as a certified public accountant and auditor, the letters he received from the IRS, and testimony from witnesses who personally interacted with Beam. Indeed, when IRS employees contacted Beam, they informed him that he was required to file tax returns and pay taxes on the income at issue. Further, the government established that

District Court's decision. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

5

Beam concealed his personal assets, provided misinformation to the IRS, accused IRS employees of misconduct, refused to cooperate with the IRS, and directed others to do the same.

Dist. Ct. Op. at 24 (internal citation omitted).

In a third category is evidence that Beam alleges that the IRS possesses but refuses to produce to him. Beam notes that the IRS produced 20 boxes of discovery before his trial, but when he filed a FOIA request after trial, the IRS identified 41 boxes pertaining to him. In response to his FOIA request, the IRS produced 15 pages to Beam and claimed that the remaining documents were protected by a grand jury exemption pursuant to Fed. R. Crim. P. 6(e) and section 6103(e)(7) of the Internal Revenue Code, 26 U.S.C. § 6103(e)(7). The IRS also explained that there were more boxes because the trial material had been repackaged into smaller archive boxes. The District Court properly found that Beam had no "factual basis" for his assertion that the IRS suppressed files that should have been produced to him before trial.[4]

For the foregoing reasons, we will affirm the District Court's judgment.

---

[4] Beam also filed a civil lawsuit in connection with his FOIA request. See Beam v. IRS, Civ. No. 3:14-cv-01706, 2015 WL 4509041 (M.D. Pa. July 24, 2015). That complaint was dismissed because Beam failed to exhaust his administrative remedies. Id. at *4. Beam's motion to supplement the District Court record, which asks us to consider his reply in the civil case, is denied, as such a motion should be directed to the District Court in the first instance. Fed. R. App. P. 10(e). However, we may judicial notice of a publicly filed document in the District Court and, having done so here, conclude that the reply does not change our disposition of this appeal.