T.C. Memo. 2017-200

UNITED STATES TAX COURT

TROY A. BEAM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21013-16L.                    Filed October 10, 2017.

Troy A. Beam, pro se.

Kathleen K. Raup and Ina Susan Weiner, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case petitioner seeks

review pursuant to sections 6320(c) and 6330(d)(1)[1] of the determination by the

_____

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[*2]** Internal Revenue Service (IRS or respondent) to sustain collection action with respect to his unpaid Federal income tax liabilities for 1999 through 2006. The IRS settlement officer (SO) declined to consider petitioner's challenge to his underlying tax liabilities because he had received, but failed to petition this Court in response to, a notice of deficiency for these years. The parties have filed cross-motions for summary judgment under Rule 121 addressing this question. Concluding as we do that the SO resolved this question correctly, we will grant respondent's motion, deny petitioner's cross-motion, and sustain the collection action.

Background

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits. Petitioner has not filed a Federal income tax return since 1996, when he filed a Form 1040, U.S. Individual Income Tax Return, for 1995. On that return he showed his address as an address in Shippensberg, Pennsylvania (Shippensberg address). He resided at that address when he petitioned this Court.

A.     Criminal Tax Case

In 2010 petitioner was indicted by a grand jury for one count each of violating section 7212(a) (obstructing administration of the internal revenue laws) and

**[*3]** section 7201 (attempting to evade or defeat tax) and four counts of violating

section 7203 (willful failure to file returns for 2003-2006). United States v. Beam,

No. 1:10-cr-47 (M.D. Pa. filed Feb. 18, 2010).[2] The indictment was based on

petitioner's having promoted to others, and having used himself, sham trusts, off-

shore accounts, and other schemes to evade the payment of Federal income tax.

On May 4, 2011, following a jury trial, he was convicted on all six counts.

Sentencing was postponed to permit petitioner to take steps to mitigate his

sentence, including repatriating funds from offshore accounts. During March and

April 2012 petitioner repatriated and remitted to the IRS $1,650,928 from offshore

accounts. As petitioner had instructed, the IRS applied most of these funds to his

tax liabilities for 1996-1998, which are not at issue here. The IRS applied funds in

the aggregate amount of $63,172 to his tax liabilities for 1999-2006 and $6,985 to

his tax liability for 2007, for total of $70,157 for those nine years.

Petitioner's sentencing hearing was held on April 10, 2012. At that hearing

an accountant, Thomas Nihill, testified on petitioner's behalf concerning the scope

of the tax loss. He asserted that the aggregate tax loss for 1999 through 2007 was

---

[2]Pursuant to Rule 201 of the Federal Rules of Evidence, we take judicial notice of certain filings in petitioner's criminal case in this and related dockets.

**[\*4]** $70,157, i.e., the amount that petitioner had instructed the IRS to apply from the repatriated funds to his tax liabilities for those nine years.

The district court sentenced petitioner to 74 months' imprisonment. It also ordered that he "shall cooperate with the Internal Revenue Service and pay all taxes, penalty, and interest due." The court did not order any restitution.

Petitioner appealed his conviction to the U.S. Court of Appeals for the Third Circuit, which affirmed. United States v. Beam, 528 F. App'x 233 (3d Cir. 2013). The district court denied his ensuing collateral challenge--a motion under Federal Rule of Criminal Procedure 33 for a new trial--and the Third Circuit again affirmed. United States v. Beam, 2015 WL 2356755 (M.D. Pa. May 15, 2015), aff'd, 635 F. App'x 28 (3d Cir. 2015). Petitioner then moved under 28 U.S.C. sec. 2255 to vacate, set aside, or correct his sentence, but the district court denied that motion, United States v. Beam, 2016 WL 1557599 (M.D. Pa. Apr. 18, 2016), and the Third Circuit denied his request for a certificate of appealability, United States v. Beam, No. 16-2216 (3d Cir. Sept. 15, 2016).

B.    Civil Tax Examination

Petitioner has resided at the Shippensberg address at all relevant times, except during the period in which he was incarcerated. He was remanded to custody on August 2, 2011, following his conviction and pending sentencing, and released

[*5] to a halfway house on June 20, 2016. During this period he received mail both at the Shippensberg address, where his wife and children continued to reside, and at his prison address. In March 2015 his prison address was Troy Beam, Register No.: 68401-067, FCI Morgantown, P.O. Box 1000, Morgantown, West Virginia (Morgantown address).

In September 2014 the IRS prepared for petitioner's 1999-2006 tax years substitutes for return (SFRs) that met the requirements of section 6020(b). On March 12, 2015, the IRS sent petitioner by certified mail a notice of deficiency based on the SFRs. This notice determined for 1999-2006 deficiencies and additions to tax under sections 6651(a)(2) and (f) and 6654(a). As of February 2016 these liabilities totaled $7,917,849 in the aggregate.

The IRS mailed one copy of the notice of deficiency to petitioner at the Shippensberg address and an identical copy of the notice of deficiency to him at the Morgantown address. The latter was delivered by the U.S. Postal Service to FCI Morgantown at 7:13 a.m on March 16, 2015. As evidenced by the inmate certified mail log from FCI Morgantown, petitioner signed for and received the notice of deficiency at 10:37 a.m. on March 16, 2015.

Petitioner did not petition this Court in response to the notice of deficiency. Upon expiration of the 90-day period specified in section 6213(a), the IRS as-

[*6] sessed the deficiencies and additions to tax for 1999-2006. On August 10, 2015, the IRS mailed to petitioner, at the Shippensberg address, notice and demand for payment of these assessed liabilities. On September 14, 2015, the IRS mailed to petitioner, at the Shippensberg address, Notices CP503 demanding payment of these liabilities. Petitioner received those Notices CP503, as evidenced by his having attached copies of all eight notices to a letter he sent the IRS on May 23, 2016.

On February 23, 2016, in an effort to collect petitioner's unpaid liabilities for 1999-2006, the IRS filed a notice of Federal tax lien and mailed to him, at the Shippensberg address, a Notice of Federal Tax Lien Filing and Your Right to a Hearing. On March 2, 2016, the IRS mailed him, at the Shippensberg address, a Final Notice of Intent to Levy and Your Right to a Hearing. Petitioner, though incarcerated at the time, received both notices and timely requested a CDP hearing. In his hearing request he asserted that he had not received the notice of deficiency for 1999-2006 and that his aggregate tax liability for these years was only $70,157, the "tax loss" figure to which Mr. Nihill had testified at the sentencing hearing.

An SO from the IRS Appeals Office scheduled a telephone CDP hearing for June 3, 2016. Petitioner requested that this hearing be postponed until after his

[*7] release from incarceration. The SO granted that request and conducted the telephone hearing on July 18.

During that hearing the SO noted that the Shippensberg address was the address shown for petitioner in the IRS computer system. Petitioner averred that this was his correct address. He confirmed that he had filed no document with the IRS to change or update that address.

The sole issue petitioner raised at the CDP hearing was a challenge to his underlying tax liabilities for 1999-2006, grounded on the assertion that he had not received any notice of deficiency. The SO secured, and provided to petitioner, copies of the notices of deficiency that the IRS had sent by certified mail to the Shippensberg address and to the Morgantown address. Because petitioner had failed to petition this Court in response to the notice of deficiency, the SO declined to consider his challenge to the underlying tax liabilities.

Petitioner in his hearing request did not seek, and during the hearing did not propose, a collection alternative in the form of an offer-in-compromise or an installment agreement. In any event, the SO noted that petitioner would be ineligible for such relief because he had neglected to supply a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting financial information. Petitioner was likewise noncompliant with his

**[\*8]** current tax obligations, having failed to file a Federal income tax return since 1995.

The SO verified that petitioner's tax liabilities for 1999-2006 had been properly assessed and that all other requirements of applicable law and administrative procedure had been satisfied.  On September 16, 2016, the IRS sent petitioner a notice of determination sustaining the proposed levy and the NFTL filing.  He timely petitioned this Court seeking redetermination.

## Discussion

### I.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  However, the nonmoving party may not rest upon mere allegations or denials of his pleadings but instead must set forth

**[\*9]** specific facts showing that there is a genuine dispute for trial. Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

In his response to the IRS motion for summary judgment petitioner did not identify any material fact in genuine dispute. Indeed, he himself filed a cross-motion for summary judgment based on (among other things) his contention that "the IRS did not issue the notice of deficiency in a timely manner." We conclude that this case is appropriate for summary adjudication.

II.    Underlying Tax Liabilities

Although neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case, our case law tells us what standard to adopt. Where the validity of a taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not before us, we review the IRS determination for abuse of discretion only. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

**[*10]** A taxpayer may challenge the existence or amount of his underlying liability in a CDP proceeding only "if the person did not receive any statutory notice of deficiency for such liability or did not otherwise have an opportunity to dispute * * * [it]." Sec. 6330(c)(2)(B). The SO concluded that petitioner had received the notice of deficiency dated March 12, 2015; that he had failed to petition this Court in response thereto; and that he was accordingly precluded from challenging his 1999-2006 tax liabilities through the CDP process. Because we believe each of these determinations to be correct, regardless of the standard of review we apply to them, we conclude that petitioner's underlying liabilities are not properly before us. See Kendricks v. Commissioner, 124 T.C. 69, 75 (2005) (holding that "the standard of review makes no difference" when the Court is faced with "questions of law" as to whether a taxpayer had a prior opportunity to dispute his underlying liability).

Section 6212(b)(1) provides that a notice of deficiency "shall be sufficient" if "mailed to the taxpayer at his last known address." At all relevant times petitioner's "last known address," as shown in the IRS computer system, has been the Shippensberg address. The record includes a copy of the notice of deficiency that the IRS sent by certified mail to the Shippensberg address, where petitioner's family resided. During his period of incarceration petitioner regularly received mail,

**[*11]** including communications from the IRS, sent to him at the Shippensberg address. But the record does not conclusively establish that he received, in particular, this copy of the notice of deficiency.

However, the IRS sent a duplicate copy of the notice of deficiency to petitioner at the Morgantown address, and the record conclusively establishes that he received that copy. It was delivered by the U.S. Postal Service to FCI Morgantown at 7:13 a.m on March 16, 2015. As evidenced by the inmate certified mail log from FCI Morgantown, petitioner signed for and received the notice of deficiency at 10:37 a.m. that same day.

Although the duplicate notice of deficiency was not sent to petitioner's "last known address," he actually received it four days after it was mailed. Because he had more than enough time (86 days) in which to file a timely petition with this Court, the notice of deficiency was valid. See, e.g., Mulvania v. Commissioner, 81 T.C. 65, 67-69 (1983) (sustaining a notice of deficiency not sent to the taxpayer's last known address when he actually received it 74 days before the deadline for petitioning this Court); see also Kuykendall v. Commissioner, 129 T.C. 77, 81 (2007) (collecting cases holding that as few as 30 days before the deadline may suffice). And because he "received" that notice for purposes of section 6330(c)(2)(B), he was barred from challenging through the CDP process the tax

[*12] liabilities set forth in the notice of deficiency. See sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. (stating that receipt of a notice of deficiency for purposes of section 6330(c)(2)(B) "means receipt in time to petition the Tax Court for a redetermination of the deficiency").

III.    Abuse of Discretion

In deciding whether the SO abused his discretion in sustaining the proposed collection action, we consider whether he:  (1) properly verified that the requirements of applicable law or administrative procedure had been met; (2) considered any relevant issues petitioner raised; and (3) considered "whether any proposed collection action balance[d] the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more than intrusive that necessary." See sec. 6330(c)(3).

Our review of the record establishes that the SO did not abuse his discretion in any respect.  He properly verified that all requirements of applicable law and administrative procedure were followed.  Petitioner did not propose a collection alternative, and he would have been ineligible for a collection alternative even if he had proposed one.

**[\*13]** In his summary judgment papers petitioner advances a laundry list of arguments on this front. Most of these are frivolous or irrelevant. We will briefly address the arguments that are not patently so:

• Petitioner contends that the IRS is collaterally estopped from collecting his 1999-2006 tax liabilities because the sentencing court, having heard Mr. Nihill's testimony that the 1999-2007 tax loss was only $70,157, did not order any restitution. It is well settled that a sentencing court's ordering of (or decision not to order) restitution has no effect on the IRS' authority to determine the taxpayer's correct civil tax liability and to assess and collect that liability. See Morse v. Commissioner, 419 F.3d 829, 833-835 (8th Cir. 2005) (holding that sentencing court's restitution order does not preclude Commissioner from litigating defendant's deficiency), aff'g T.C. Memo. 2003-332; Hickman v. Commissioner, 183 F.3d 535, 537-538 (6th Cir. 1999) (same), aff'g T.C. Memo. 1997-566. The IRS has properly credited petitioner's accounts for the $70,157 payment that he made.

• Petitioner contends that the SO failed to verify that a proper notice and demand for payment was sent. That assertion is incorrect. On August 10, 2015, and again on September 14, 2015, the IRS sent the notice and demand for payment to petitioner at his last known address. He actually received at least one of those notices, as evidenced by his having attached copies to a letter he later sent the IRS.

**[\*14]** • Petitioner contends that the IRS failed to inform him of the date by which he was required to file a Tax Court petition in response to the notice of deficiency. That assertion is incorrect. The notice of deficiency, dated March 12, 2015, states on its face that June 10, 2015, was the "last day to file a petition with the United States Tax Court."

• Petitioner contends that the SO failed to verify proper supervisory approval of "penalties" under section 6751(b). That section provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment" receives supervisory approval. The IRS in the notice of deficiency determined and assessed "additions to tax" under sections 6651(a)(2) and (f) and 6654(a). Section 6751(b) by its terms does not apply to "any addition to tax under section 6651, 6654, or 6655." Sec. 6751(b)(2)(A). The SO therefore was not required to verify that the additions to tax assessed against petitioner had been approved by a supervisor. See Mohamed v. Commissioner, T.C. Memo. 2013-255 (distinguishing the fraudulent failure-to-file addition to tax under section 6651(f) from a section 6663 civil fraud penalty).

Finding no abuse of discretion in these respects or in any other respect urged by petitioner, we will grant respondent's motion for summary judgment, deny petitioner's cross-motion, and sustain the proposed collection action.

[*15]  To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.