T.C. Memo. 2021-78

UNITED STATES TAX COURT

ALHAJI B. BENSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15919-19L.                     Filed June 29, 2021.

Alhaji B. Benson, pro se.

Rachel L. Schiffman, for respondent.

MEMORANDUM OPINION

URDA, Judge:  In this collection due process (CDP) case petitioner, Alhaji

B. Benson, seeks review pursuant to sections 6320(c) and 6330(d)(1)[1] of the

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax

[*2] determination by the Internal Revenue Service (IRS) Office of Appeals to uphold the filing of a notice of Federal tax lien (NFTL) with respect to his Federal income tax liabilities for 2008 and 2009 as well as associated interest.[2] Mr. Benson argues that he had no tax liability for either year and that the settlement officer thus erred in sustaining the NFTL filing. Mr. Benson, however, was precluded from challenging his underlying liabilities, and we detect no abuse of discretion by the settlement officer in upholding the NFTL filing. We accordingly will grant the Commissioner's motion for summary judgment.

Background

The following facts are based on the parties' pleadings and motion papers, including the attached declaration and exhibits, which collectively constitute the administrative record. See Rule 121(b). Mr. Benson resided in New Jersey when he timely filed his petition.

---

Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[2]On July 1, 2019, the Office of Appeals was renamed the Independent Office of Appeals. See Taxpayer First Act, Pub. L. No. 116-25, sec. 1001(a), 133 Stat. at 983 (2019). As the events in this case predate that change, we use the name in effect at the times relevant to this case, i.e., the Office of Appeals.

[*3] A.      Mr. Benson's Tax Liabilities

Mr. Benson, a software tester, did not timely file Federal income tax returns for his 2008 and 2009 tax years.  Pursuant to section 6020(b), the IRS prepared a substitute for return for each year and assessed the tax, penalties, and statutory interest.  On July 5, 2011, the IRS sent Mr. Benson by certified mail a notice of deficiency for 2008, followed by a notice of deficiency for 2009 on November 28, 2011 (again, by certified mail).  Mr. Benson did not petition this Court for redetermination with respect to either year.  As of September 14, 2020, Mr. Benson's balance of the assessed tax liabilities for the years at issue totaled $27,502.

B.      CDP Proceeding

In an effort to collect Mr. Benson's unpaid 2008 and 2009 liabilities the IRS issued him a notice of intent to levy on October 18, 2016.  The notice gave Mr. Benson until November 17, 2016, to request a CDP hearing to challenge the proposed levy.  Mr. Benson made no such request within the time specified.

On October 18, 2018, the IRS issued a notice to Mr. Benson informing him of the filing of an NFTL with respect to his unpaid 2008 and 2009 liabilities.  In response Mr. Benson timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, with respect to a "Filed Notice of Federal Tax

[*4] Lien".[3]  He asserted that he "filed the returns for 2008 & 2009 and * * * do not owe tax for those periods."  Mr. Benson did not request a collection alternative on Form 12153.

Mr. Benson's CDP case was subsequently assigned to a settlement officer, who first confirmed that the IRS' actions complied with the requirements of applicable law or administrative procedure.  On April 22, 2019, the settlement officer sent Mr. Benson a letter scheduling a telephone CDP hearing for June 27, 2019.  In the letter she requested that Mr. Benson submit:  (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and supporting financial documents and (2) signed tax returns for tax periods 2013 through 2018.  Mr. Benson did not provide the

_____

[3]On Form 12153, Mr. Benson also indicated "Proposed or Actual Levy" as a basis for the hearing and noted his desire for an equivalent hearing if he did not qualify for a CDP hearing.  An equivalent hearing is an administrative hearing in the Office of Appeals that may be requested by those who fail to timely request a CDP hearing.  Secs. 301.6320-1(i)(1), 301.6330-1(i)(1), Proced. & Admin. Regs.  Although similar to a CDP hearing, an equivalent hearing does not result in a determination subject to judicial review.  See Craig v. Commissioner, 119 T.C. 252, 258-259 (2002); secs. 301.6320-1(i)(2), Q&A-I6, 301.6330-1(i)(2), Q&A-I6, Proced. & Admin. Regs.  A taxpayer is required to request an equivalent hearing within one year after the issuance of a levy notice.  Sec. 301.6330-1(i)(2), Q&A-I7, Proced. & Admin. Regs.  Mr. Benson's Form 12153 was filed more than a year after the issuance of the 2016 notice of intent to levy, and the IRS Office of Appeals accordingly deemed him ineligible for an equivalent hearing relating to the levy notice.

[*5] requested documents or otherwise communicate with the settlement officer before the hearing date.

The settlement officer held the telephone CDP hearing as scheduled. She and Mr. Benson discussed the issues raised on his Form 12153, and Mr. Benson requested time to submit Form 433-A and supporting documentation, as well as copies of his 2013 and 2014 tax returns. The settlement officer agreed to give him until July 15, 2019, to submit the documentation but warned that she would sustain the NFTL filing if she had not received the promised material by that date. On July 16, 2019, the settlement officer closed the case, having heard nothing from Mr. Benson.

On July 24, 2019, the Office of Appeals issued a notice of determination sustaining the NFTL filing. The notice observed that Mr. Benson neither raised the issue of collection alternatives, nor submitted documentation necessary for the Office of Appeals to consider any such collection alternatives had one been proposed. As to Mr. Benson's contention that he owed no tax for 2008 and 2009, the notice concluded that the assessments underlying the NFTL filing were valid.

[*6]                              Discussion

I.      Governing Principles

        A.      Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Id. The nonmoving party, however, may not rest upon the mere allegations or denials in its pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

        B.      Standard of Review

We have jurisdiction to review the Office of Appeals' determination pursuant to sections 6320(c) and 6330(d)(1). Where the validity of the underlying tax liability is properly at issue, we review the determination regarding the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000);

[*7] Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  We review all other determinations for abuse of discretion.  Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.  In reviewing for abuse of discretion, we must uphold the Office of Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law.  See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Taylor v. Commissioner, T.C. Memo. 2009-27, 97 T.C.M. (CCH) 1109, 1116 (2009).

II.     Underlying Liabilities

Mr. Benson has sought to challenge his 2008 and 2009 tax liabilities both in his CDP hearing and in this Court.  A taxpayer may challenge his underlying liability in a CDP proceeding if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Secs. 6320(c), 6330(c)(2)(B); see also sec. 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs.  "If the taxpayer previously received a CDP Notice under section 6330 with respect to the same tax and tax period and did not request a CDP hearing with respect to that earlier CDP Notice, the taxpayer had a prior opportunity to dispute the existence or amount of the underlying tax liability."  Sec. 301.6230-1(e)(3), Q&A-E7, Proced. & Admin. Regs.; see also

[*8] Bell v. Commissioner, 126 T.C. 356, 358 (2006); Lang v. Commissioner, T.C. Memo. 2014-183, at *12-*14.

Mr. Benson had two prior opportunities to contest his underlying liabilities for tax years 2008 and 2009.  First, there is no dispute that the IRS sent, and Mr. Benson received, notices of deficiency for both years.  As he had the opportunity to petition this Court at that time for redetermination of his liabilities, these liabilities are not before us.  See secs. 6320(c), 6330(c)(2)(B); Beam v. Commissioner, T.C. Memo. 2017-200, at *10.

Second, the record before us establishes, and Mr. Benson does not contest, that the IRS issued a notice of intent to levy to him on October 18, 2016.  This notice provided him with an opportunity to request a CDP hearing with respect to tax years 2008 and 2009, the years at issue in this case.  Consequently, even if he had not received the notices of deficiency, he nonetheless had "a prior opportunity to dispute the existence or amount of the underlying tax liability[ies]" by means of the notice of intent to levy, which likewise would bar us from considering his challenge to his underlying liabilities.  See sec. 301.6320-1(e)(3), Q&A-E7, Proced. & Admin. Regs.

**[*9]** III.    Abuse of Discretion

We next consider whether the settlement officer:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues Mr. Benson raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [Mr. Benson] that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3).  Our review of the administrative record establishes that the settlement officer satisfied all of these requirements.

A.    Verification

As an initial matter, this Court has authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing.  See Hoyle v. Commissioner, 131 T.C. 197, 200-203 (2008), supplemented by 136 T.C. 463 (2011).  Mr. Benson has not challenged verification.  Even if he had, we conclude from our review of the record that the settlement officer conducted a thorough review of the account transcripts and

**[*10]** verified that all applicable requirements were met with respect to the collection action.

B.    Issues Raised

Mr. Benson did not raise any issues at the CDP hearing beyond his underlying liabilities, nor did he pursue any collection alternatives.  We accordingly conclude that the settlement officer did not abuse her discretion in fulfilling her obligation under section 6330(c)(3)(B) to consider any "issues raised" by Mr. Benson during the hearing.[4]  See BM Constr. v. Commissioner, T.C. Memo. 2021-13, at *18; Brennan v. Commissioner, T.C. Memo. 2013-123, at *11.

C.    Balancing

Mr. Benson does not contend that the settlement officer failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  See sec. 6330(c)(3)(C).  He accordingly has conceded this issue.  See Rule 331(b)(4); see also Ansley v. Commissioner, T.C. Memo. 2019-46, at *19.  In any event the settlement officer

---

[4]In his response to the motion for summary judgment Mr. Benson asserts that he supplied at least some of the financial documentation and tax returns requested by the settlement officer.  By his own admission, Mr. Benson stated: "I did * * * not propose a collection alternative because I do not owe taxes for 2008 and 2009."  The issue of supporting documentation thus is of no moment.

**[*11]** expressly concluded in the notice of determination that the filing of the NFTL balanced the need for efficient tax collection with Mr. Benson's legitimate concerns about intrusiveness because he raised no issues at the hearing beyond his underlying liabilities and pursued no collection alternatives.

IV.    Conclusion

We conclude that Mr. Benson was precluded from challenging his underlying liabilities during the CDP hearing (and subsequently in this Court). Finding no abuse of discretion in any respect, we will grant the Commissioner's motion for summary judgment and sustain the notice of determination upholding the filing of the NFTL for the years at issue.[5]

To reflect the foregoing,

An appropriate order and decision

will be entered.

---

[5]We note that Mr. Benson is free to submit to the IRS at any time for its consideration and possible acceptance, a collection alternative in the form of an offer-in-compromise, an installment agreement, or currently not collectible status, supported by the necessary financial information.